IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:18-cv-466- BO

| | |
|---|---|
| ANDREW PRESSON and KIMBERLY MYRIS, on behalf of themselves and all Others similarly situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| RECOVERY CONNECTIONS COMMUNITY, JOURNEY TO RECOVERY LLC, JENNIFER A. WARREN, PHILLIP J. WARREN, 3M & N, INC. d/b/a ZAXBY'S, WESTERN NORTH CAROLINA LIONS, INC. d/b/a MARJORIE MCCUNE MEMORIAL CENTER, INTEGRITY-HOMINY VALLEY, LLC d/b/a HOMINY VALLEY RETIREMENT CENTER, INTEGRITY-CANDLER 02 LLC d/b/a HOMINY VALLEY RETIREMENT CENTER, INTEGRITY-CANDLER LIVING CENTER, LLC d/b/a CANDLER 01 LLC d/b/a CANDLER LIVING CENTER, INTEGRITY SENIOR PROPERTIES INVESTMENTS, LLC, CEDARBROOK RESIDENTIAL CENTER, INC., and THE AUTUMN GROUP, INC. d/b/a OAK HILL LIVING CENTER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT 3M & N, INC.'S ANSWER AND CROSSCLAIMS**

1

NOW COMES Defendant 3M & N, Inc. ("Defendant" or "3M & N") and, pursuant to Fed. R. Civ. P. 12, hereby submits its Answer to the Complaint filed by Plaintiffs Andrew Presson and Kimberly Myris:

## RESPONSE TO ENUMERATED ALLEGATIONS

As a general matter, 3M & N denies any and all allegations in the Complaint which are not contained in a numbered paragraph. 3M & N responds to the individually-numbered paragraphs of the Complaint as follows:

1. The allegations in paragraph 1 are denied to the extent they are alleged against 3M & N.

2. The allegations in paragraph 2 do not state factual or legal allegations against 3M & N and, thus, no response is necessary. To the extent a response is necessary, the allegations in paragraph 2 are admitted upon information and belief.

3. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 3, and, thus, no response is necessary. To the extent any further response is necessary, denied.

4. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 4, and, thus, no response is necessary. To the extent any further response is necessary, denied.

5. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 5, and, thus, no response is necessary. To the extent any further response is necessary, denied.

6. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 6, and, thus, no response is necessary. To the extent any further response is necessary, denied.

7. To the extent that Plaintiffs allege in paragraph 7 that Plaintiffs were forced or required by 3M & N to perform work for 3M & N, such allegation is denied. It is admitted that 3M &N contracted with RCC for the provision of certain labor. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 7, and, thus, no response is necessary. To the extent any further response is necessary, denied.

8. It is admitted that Journey to Recovery, LLC, Jennifer Warren, and Phillip Warren have been associated with Recovery Connections Community. The remaining allegations of paragraph 8 are denied.

9. It is admitted that 3M & N entered into an agreement with Recovery Connections Community ("RCC") pursuant to which RCC was to provide food prep, loading, cashier, cleaning, and general labor services. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 9, and, thus, no response is necessary. To the extent any further response is necessary, denied.

10. The allegations in paragraph 10 are denied.

11. It is admitted that Plaintiffs purport to bring this action against all Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who elect to opt-in under the FLSA's collective action provision, in order to make

claims for, *inter alia*, unpaid minimum wages and overtime. It is specifically denied that this case supports a FLSA collective action against 3M & N. Except as herein admitted, the allegations of paragraph 11 are denied.

12. It is admitted that Plaintiffs purport to bring this action against all Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who do not elect to opt out under Fed. R. Civ. P. 23's class action provision, in order to make claims for, *inter alia*, unpaid minimum wages, overtime, and unjust enrichment. It is specifically denied that this case supports a Fed. R. Civ. P. 23 class action against 3M & N. Except as herein admitted, the allegations of paragraph 12 are denied.

13. It is admitted that Plaintiffs purport to bring this action against all Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who do not elect to opt out under Fed. R. Civ. P. 23's class action provision, in order to make claims for, *inter alia*, conversion and violation of Chapter 75 of the North Carolina General Statutes. It is specifically denied that this case supports a Fed. R. Civ. P. 23 class action against 3M & N. Except as herein admitted, the allegations of paragraph 12 are denied.

### THE PARTIES

**I.    Plaintiffs.**

    **A.  Andrew Presson.**

14. 3M & N is without sufficient information to form a belief about the truth or falsity of the allegations of paragraph 14 and, thus, no response is necessary. To the extent any further response is necessary, denied.

15. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15, and, thus, no response is necessary. To the extent any further response is necessary, denied.

16. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 16, and, thus, no response is necessary. To the extent any further response is necessary, denied.

17. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 17, and, thus, no response is necessary. To the extent any further response is necessary, denied.

18. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 18, and, thus, no response is necessary. To the extent any further response is necessary, denied.

19. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 19, and, thus, no response is necessary. To the extent any further response is necessary, denied.

20. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 20, and, thus, no response is necessary. To the extent any further response is necessary, denied.

21. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 21, and, thus, no response is necessary. To the extent any further response is necessary, denied.

22. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 22, and, thus, no response is necessary. To the extent any further response is necessary, denied.

23. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 23, and, thus, no response is necessary. To the extent any further response is necessary, denied.

24. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 24, and, thus, no response is necessary. To the extent any further response is necessary, denied.

25. The allegations in paragraph 25 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 25, and, thus, no response is necessary. To the extent any further response is necessary, denied.

26. The allegations in paragraph 26 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 26, and, thus, no response is necessary. To the extent any further response is necessary, denied.

27. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 27, and, thus, no response is necessary. To the extent any further response is necessary, denied.

28. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 28, and, thus, no response is necessary. To the extent any further response is necessary, denied.

29. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 29, and, thus, no response is necessary. To the extent any further response is necessary, denied.

30. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 30, and, thus, no response is necessary. To the extent any further response is necessary, denied.

31. The allegations in paragraph 31 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 31, and, thus, no response is necessary. To the extent any further response is necessary, denied.

32. The allegations in paragraph 32 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 32, and, thus, no response is necessary. To the extent any further response is necessary, denied.

33. The allegations in paragraph 33 state a legal conclusion to which no response is required. To the extent any response is necessary, denied.

34. It is admitted that Exhibit A to the Complaint purports to be a written document titled Consent to Join form, purportedly electronically signed by Presson. Except as herein admitted, the allegations of paragraph 34 are denied.

35. The allegations in paragraph 35 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 35, and, thus, no response is necessary. To the extent any further response is necessary, denied.

36. The allegations in paragraph 36 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 36, and, thus, no response is necessary. To the extent any further response is necessary, denied.

37. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 37, and, thus, no response is necessary. To the extent any further response is necessary, denied.

   **B. Kimberly Myris.**

38. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 38, and, thus, no response is necessary. To the extent any further response is necessary, denied.

39. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 39, and, thus, no response is necessary. To the extent any further response is necessary, denied.

40. 3M & N lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and, thus, no response is necessary. To the extent any further response is necessary, denied.

41. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 41, and, thus, no response is necessary. To the extent any further response is necessary, denied.

42. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 42, and, thus, no response is necessary. To the extent any further response is necessary, denied.

43. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 43, and, thus, no response is necessary. To the extent any further response is necessary, denied.

44. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 44, and, thus, no response is necessary. To the extent any further response is necessary, denied.

45. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 45, and, thus, no response is necessary. To the extent any further response is necessary, denied.

46. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 46, and, thus, no response is necessary. To the extent any further response is necessary, denied.

47. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 47, and, thus, no response is necessary. To the extent any further response is necessary, denied.

48. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 48, and, thus, no response is necessary. To the extent any further response is necessary, denied.

49. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 49, and, thus, no response is necessary. To the extent any further response is necessary, denied.

50. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 50, and, thus, no response is necessary. To the extent any further response is necessary, denied.

51. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 51, and, thus, no response is necessary. To the extent any further response is necessary, denied.

52. The allegations in paragraph 52 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 52, and, thus, no response is necessary. To the extent any further response is necessary, denied.

53. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 53, and, thus, no response is necessary. To the extent any further response is necessary, denied.

54. 3M & N is without sufficient information to form a belief about the truth or falsity of the allegations of paragraph 54 and, thus, no response is necessary. To the extent any response is necessary, denied.

55. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 55, and, thus, no response is necessary. To the extent any further response is necessary, denied.

56. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 56, and, thus, no response is necessary. To the extent any further response is necessary, denied.

57. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 57, and, thus, no response is necessary. To the extent any further response is necessary, denied.

58. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 58, and, thus, no response is necessary. To the extent any further response is necessary, denied.

59. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 59, and, thus, no response is necessary. To the extent any further response is necessary, denied.

60. The allegations in paragraph 60 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 60, and, thus, no response is necessary. To the extent any further response is necessary, denied.

61. The allegations in paragraph 61 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 61, and, thus, no response is necessary. To the extent any further response is necessary, denied.

62. The allegations in paragraph 62 state a legal conclusion to which no response is required.  To the extent any response is necessary, denied.

63. It is admitted that Exhibit B to the Complaint purports to be a written document titled Consent to Join form, purportedly electronically signed by Myris. Except as herein admitted, the allegations of paragraph 63 are denied.

64. The allegations in paragraph 64 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 64, and, thus, no response is necessary. To the extent any further response is necessary, denied.

65. The allegations in paragraph 65 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 65, and, thus, no response is necessary. To the extent any further response is necessary, denied.

66. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 66, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## II.    **Defendants.**

### A.  **Recovery Connections Community.**

67. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 67, and, thus, no response is necessary. To the extent any further response is necessary, denied.

68. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 68, and, thus, no response is necessary. To the extent any further response is necessary, denied.

69. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 69, and, thus, no response is necessary. To the extent any further response is necessary, denied.

70. It is admitted upon information and belief that P. Warren and J. Warren operated and controlled RCC with regard to RCC's interactions with 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 70, and, thus, no response is necessary. To the extent any further response is necessary, denied.

71. It is admitted, upon information and belief, that RCC operated the Farm in Angier, North Carolina and a facility in Black Mountain, North Carolina. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 71, and, thus, no response is necessary. To the extent any further response is necessary, denied.

72. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 72, and, thus, no response is necessary. To the extent any further response is necessary, denied.

73. It is admitted that RCC held itself out to 3M & N and others as being a residential substance abuse treatment and care institution. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 73, and, thus, no response is necessary. To the extent any further response is necessary, denied.

74. The allegations of paragraph 74 are admitted upon information and belief.

75. The allegations of paragraph 75 are admitted upon information and belief.

76. The allegations in paragraph 76 state a legal conclusion to which no response is required. To the extent any response is necessary, denied.

77. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 77, and, thus, no response is necessary. To the extent any further response is necessary, denied.

78. The allegations in paragraph 78 state a legal conclusion to which no response is required. To the extent any response is necessary, denied.

79. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 79, and, thus, no response is necessary. To the extent any further response is necessary, denied.

80. It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 80, and, thus, no response is necessary. To the extent any further response is necessary, denied.

81. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 81, and, thus, no response is necessary. To the extent any further response is necessary, denied.

82. The allegations in paragraph 82 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 82, and, thus, no response is necessary. To the extent any further response is necessary, denied.

83. The allegations in paragraph 83 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 83, and, thus, no response is necessary. To the extent any further response is necessary, denied.

84. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 84, and, thus, no response is necessary. To the extent any further response is necessary, denied.

85. It is admitted that RCC held itself out, to 3M & N and others, as a residential substance abuse treatment program focused on the care and treatment of its residents. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 85, and, thus, no response is necessary. To the extent any further response is necessary, denied.

86. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 86, and, thus, no response is necessary. To the extent any further response is necessary, denied.

87. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 87, and, thus, no response is necessary. To the extent any further response is necessary, denied.

88. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 88, and, thus, no response is necessary. To the extent any further response is necessary, denied.

89. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 89, and, thus, no response is necessary. To the extent any further response is necessary, denied.

### B. Journey to Recovery, LLC.

90. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 90, and, thus, no response is necessary. To the extent any further response is necessary, denied.

91. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 91, and, thus, no response is necessary. To the extent any further response is necessary, denied.

92. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 92, and, thus, no response is necessary. To the extent any further response is necessary, denied.

93. It is admitted, upon information and belief, that RCC is owned and operated by J. Warren and P. Warren. 3M & N lacks knowledge or information sufficient to form a

belief about the truth or falsity of the remaining allegations in paragraph 93, and, thus, no response is necessary. To the extent any further response is necessary, denied.

94. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 94, and, thus, no response is necessary. To the extent any further response is necessary, denied.

95. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 95, and, thus, no response is necessary. To the extent any further response is necessary, denied.

96. The allegations in paragraph 96 state a legal conclusion to which no response is required. To the extent any response is necessary, denied.

97. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 97, and, thus, no response is necessary. To the extent any further response is necessary, denied.

98. It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 98, and, thus, no response is necessary. To the extent any further response is necessary, denied.

99. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 99, and, thus, no response is necessary. To the extent any further response is necessary, denied.

100. The allegations in paragraph 100 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in paragraph 100, and, thus, no response is necessary. To the extent any further response is necessary, denied.

101.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 101, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**C. Jennifer A. Warren.**

102.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 102, and, thus, no response is necessary. To the extent any further response is necessary, denied.

103.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 103, and, thus, no response is necessary. To the extent any further response is necessary, denied.

104.    It is admitted that J. Warren is involved in managing and operating RCC.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 104, and, thus, no response is necessary. To the extent any further response is necessary, denied.

105.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 105, and, thus, no response is necessary. To the extent any further response is necessary, denied.

106.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 106, and, thus, no response is necessary. To the extent any further response is necessary, denied.

107.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 107, and, thus, no response is necessary. To the extent any further response is necessary, denied.

108.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 108, and, thus, no response is necessary. To the extent any further response is necessary, denied.

109.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 109, and, thus, no response is necessary. To the extent any further response is necessary, denied.

110.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 110, and, thus, no response is necessary. To the extent any further response is necessary, denied.

111.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 111, and, thus, no response is necessary. To the extent any further response is necessary, denied.

112.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 112, and, thus, no response is necessary. To the extent any further response is necessary, denied.

113.   The allegations in paragraph 113 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 113, and, thus, no response is necessary. To the extent any further response is necessary, denied.

114.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 114, and, thus, no response is necessary. To the extent any further response is necessary, denied.

115.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 115, and, thus, no response is necessary. To the extent any further response is necessary, denied.

116.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 116, and, thus, no response is necessary. To the extent any further response is necessary, denied.

117.   The allegations in paragraph 117 state a legal conclusion to which no response is required.  To the extent any response is necessary, denied.

118.   The allegations in paragraph 118 state a legal conclusion to which no response is required.  To the extent any response is necessary, denied.

119.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 119, and, thus, no response is necessary. To the extent any further response is necessary, denied.

120.   The allegations in paragraph 120 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 120, and, thus, no response is necessary. To the extent any further response is necessary, denied.

121.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 121, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**D. Phillip J. Warren.**

122.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 122, and, thus, no response is necessary. To the extent any further response is necessary, denied.

123.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 123, and, thus, no response is necessary. To the extent any further response is necessary, denied.

124.    It is admitted that P. Warren is involved in managing and operating RCC.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 104, and, thus, no response is necessary. To the extent any further response is necessary, denied.

125.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 125, and, thus, no response is necessary. To the extent any further response is necessary, denied.

126.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 126, and, thus, no response is necessary. To the extent any further response is necessary, denied.

127.    The allegations in paragraph 127 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 127, and, thus, no response is necessary. To the extent any further response is necessary, denied.

128.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 128, and, thus, no response is necessary. To the extent any further response is necessary, denied.

129.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 129, and, thus, no response is necessary. To the extent any further response is necessary, denied.

130.  The allegations in paragraph 130 state a legal conclusion to which no response is required.  To the extent any response is necessary, denied.

131.  The allegations in paragraph 131 state a legal conclusion to which no response is required.  To the extent any response is necessary, denied.

132.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 132, and, thus, no response is necessary. To the extent any further response is necessary, denied.

133.  The allegations in paragraph 133 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 133, and, thus, no response is necessary. To the extent any further response is necessary, denied.

134.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 134, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**E. 3M & N, Inc. d/b/a Zaxby's.**

135.    The allegations in paragraph 135 are denied. It is admitted that 3M & N's principal place of business is located at 111 Denim Drive, Erwin, North Carolina, 28339.

136.    The allegations in paragraph 136 are admitted.

137.    The allegations in paragraph 137 are denied.

138.    It is admitted that some RCC residents performed labor at 3M & N's locations. The remaining allegations in paragraph 138 are denied upon information and belief.

139.    The allegations in paragraph 139 are denied.

140.    The allegations in paragraph 140 are denied.

141.    It is admitted that 3M & N asked RCC to provide a certain number of workers for certain shifts. The remaining allegations of paragraph 141 are denied.

142.    The allegations contained in paragraph 142 are denied.

143.    It is admitted that 3M & N personnel managed and, in some cases, trained some of the workers provided by RCC at 3M & N locations. The remaining allegations of paragraph 143 are denied.

144.    It is admitted that some of the duties performed by workers provided to 3M & N by RCC included cooking food, preparing food, working the cash register, and washing dishes. It is also admitted that some of those workers were managed by 3M & N employees. The remaining allegations of paragraph 144 are denied.

145.    It is admitted that 3M & N is required to have its workers wear certain clothing while at work on the 3M & N premises, and 3M & N applied those rules to the workers provided to it by RCC. Any remaining allegations in paragraph 145 are denied.

146.    It is admitted that 3M & N provided the RCC residents performing work at 3M & N's locations with facilities, equipment, tools, and uniforms as required by, *inter alia*, North Carolina law and health regulations, necessary to perform such work.

147.    It is admitted that 3M & N tracked the hours worked by workers provided by RCC on an individual basis, and could determine the number of hours worked by groups of workers from such individualized data. Any remaining allegations in paragraph 147 are denied.

148.    The allegations contained in paragraph 148 are denied.

149.    The allegations contained in paragraph 149 are denied.

150.    The allegations contained in paragraph 150 are denied.

151.    The allegations contained in paragraph 151 are denied.

152.    The allegations in paragraph 152 state a legal conclusion to which no response is required. To the extent any response is necessary, denied.

153.    The allegations in paragraph 153 state a legal conclusion to which no response is required. To the extent any response is necessary, denied.

154.    The allegations of paragraph 154 are admitted.

155.    It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 155, and, thus, no response is necessary. To the extent any further response is necessary, denied.

156.    The allegations contained in paragraph 156 are denied.

157.    The allegations contained in paragraph 157 are denied.

## F. Western North Carolina Lions, Inc. d/b/a Majorie McCune Memorial Center.

158. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 158, and, thus, no response is necessary. To the extent any further response is necessary, denied.

159. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 159, and, thus, no response is necessary. To the extent any further response is necessary, denied.

160. The allegations in paragraph 160 do not state factual or legal allegations against 3M & N and, thus, no response is necessary. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 160, and, thus, no response is necessary. To the extent any further response is necessary, denied.

161. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 161, and, thus, no response is necessary. To the extent any further response is necessary, denied.

162. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 162, and, thus, no response is necessary. To the extent any further response is necessary, denied.

163. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 163, and, thus, no response is necessary. To the extent any further response is necessary, denied.

164.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 164, and, thus, no response is necessary. To the extent any further response is necessary, denied.

165.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 165, and, thus, no response is necessary. To the extent any further response is necessary, denied.

166.    The allegations in paragraph 166 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 166, and, thus, no response is necessary. To the extent any further response is necessary, denied.

167.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 167, and, thus, no response is necessary. To the extent any further response is necessary, denied.

168.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 168, and, thus, no response is necessary. To the extent any further response is necessary, denied.

169.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 169, and, thus, no response is necessary. To the extent any further response is necessary, denied.

170.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 170, and, thus, no response is necessary. To the extent any further response is necessary, denied.

171. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 171, and, thus, no response is necessary. To the extent any further response is necessary, denied.

172. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 172, and, thus, no response is necessary. To the extent any further response is necessary, denied.

173. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 173, and, thus, no response is necessary. To the extent any further response is necessary, denied.

174. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 174, and, thus, no response is necessary. To the extent any further response is necessary, denied.

175. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 175, and, thus, no response is necessary. To the extent any further response is necessary, denied.

176. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 176, and, thus, no response is necessary. To the extent any further response is necessary, denied.

177. The allegations in paragraph 177 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 177, and, thus, no response is necessary. To the extent any further response is necessary, denied.

178. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 178, and, thus, no response is necessary. To the extent any further response is necessary, denied.

179. It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 179, and, thus, no response is necessary. To the extent any further response is necessary, denied.

180. The allegations in paragraph 180 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 180, and, thus, no response is necessary. To the extent any further response is necessary, denied.

181. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 181, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**G. Integrity-Hominy Valley, LLC d/b/a Hominy Valley Retirement Center.**

182. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 182, and, thus, no response is necessary. To the extent any further response is necessary, denied.

183. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 183, and, thus, no response is necessary. To the extent any further response is necessary, denied.

184.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 184, and, thus, no response is necessary. To the extent any further response is necessary, denied.

185.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 185, and, thus, no response is necessary. To the extent any further response is necessary, denied.

186.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 186, and, thus, no response is necessary. To the extent any further response is necessary, denied.

187.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 187, and, thus, no response is necessary. To the extent any further response is necessary, denied.

188.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 188, and, thus, no response is necessary. To the extent any further response is necessary, denied.

189.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 189, and, thus, no response is necessary. To the extent any further response is necessary, denied.

190.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 190, and, thus, no response is necessary. To the extent any further response is necessary, denied.

191. The allegations in paragraph 191 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 191, and, thus, no response is necessary. To the extent any further response is necessary, denied.

192. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 192, and, thus, no response is necessary. To the extent any further response is necessary, denied.

193. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 193, and, thus, no response is necessary. To the extent any further response is necessary, denied.

194. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 194, and, thus, no response is necessary. To the extent any further response is necessary, denied.

195. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 195, and, thus, no response is necessary. To the extent any further response is necessary, denied.

196. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 196, and, thus, no response is necessary. To the extent any further response is necessary, denied.

197. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 197, and, thus, no response is necessary. To the extent any further response is necessary, denied.

198. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 198, and, thus, no response is necessary. To the extent any further response is necessary, denied.

199. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 199, and, thus, no response is necessary. To the extent any further response is necessary, denied.

200. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 200, and, thus, no response is necessary. To the extent any further response is necessary, denied.

201. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 201, and, thus, no response is necessary. To the extent any further response is necessary, denied.

202. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 202, and, thus, no response is necessary. To the extent any further response is necessary, denied.

203. The allegations in paragraph 203 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 203, and, thus, no response is necessary. To the extent any further response is necessary, denied.

204. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 204, and, thus, no response is necessary. To the extent any further response is necessary, denied.

205.   It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 205, and, thus, no response is necessary. To the extent any further response is necessary, denied.

206.   The allegations in paragraph 206 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 206, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**H. Integrity-Candler 02 LLC d/b/a Hominy Valley Retirement Center.**

207.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 207, and, thus, no response is necessary. To the extent any further response is necessary, denied.

208.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 208, and, thus, no response is necessary. To the extent any further response is necessary, denied.

209.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 209, and, thus, no response is necessary. To the extent any further response is necessary, denied.

210.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 210, and, thus, no response is necessary. To the extent any further response is necessary, denied.

211.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 211, and, thus, no response is necessary. To the extent any further response is necessary, denied.

212.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 212, and, thus, no response is necessary. To the extent any further response is necessary, denied.

213.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 213, and, thus, no response is necessary. To the extent any further response is necessary, denied.

214.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 214, and, thus, no response is necessary. To the extent any further response is necessary, denied.

215.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 215, and, thus, no response is necessary. To the extent any further response is necessary, denied.

216.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 216, and, thus, no response is necessary. To the extent any further response is necessary, denied.

217.   The allegations in paragraph 217 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 217, and, thus, no response is necessary. To the extent any further response is necessary, denied.

218.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 218, and, thus, no response is necessary. To the extent any further response is necessary, denied.

219.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 219, and, thus, no response is necessary. To the extent any further response is necessary, denied.

220.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 220, and, thus, no response is necessary. To the extent any further response is necessary, denied.

221.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 221, and, thus, no response is necessary. To the extent any further response is necessary, denied.

222.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 222, and, thus, no response is necessary. To the extent any further response is necessary, denied.

223.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 223, and, thus, no response is necessary. To the extent any further response is necessary, denied.

224.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 224, and, thus, no response is necessary. To the extent any further response is necessary, denied.

225. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 225, and, thus, no response is necessary. To the extent any further response is necessary, denied.

226. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 226, and, thus, no response is necessary. To the extent any further response is necessary, denied.

227. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 227, and, thus, no response is necessary. To the extent any further response is necessary, denied.

228. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 228, and, thus, no response is necessary. To the extent any further response is necessary, denied.

229. The allegations in paragraph 229 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 229, and, thus, no response is necessary. To the extent any further response is necessary, denied.

230. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 230, and, thus, no response is necessary. To the extent any further response is necessary, denied.

231. It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity

of the remaining allegations in paragraph 231, and, thus, no response is necessary. To the extent any further response is necessary, denied.

232.    The allegations in paragraph 232 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 232, and, thus, no response is necessary. To the extent any further response is necessary, denied.

233.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 233, and, thus, no response is necessary. To the extent any further response is necessary, denied.

### I.    Integrity-Candler Living Center, LLC d/b/a Candler Living Center.

234.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 234, and, thus, no response is necessary. To the extent any further response is necessary, denied.

235.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 235, and, thus, no response is necessary. To the extent any further response is necessary, denied.

236.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 236, and, thus, no response is necessary. To the extent any further response is necessary, denied.

237.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 237, and, thus, no response is necessary. To the extent any further response is necessary, denied.

238. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 238, and, thus, no response is necessary. To the extent any further response is necessary, denied.

239. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 239, and, thus, no response is necessary. To the extent any further response is necessary, denied.

240. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 240, and, thus, no response is necessary. To the extent any further response is necessary, denied.

241. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 241, and, thus, no response is necessary. To the extent any further response is necessary, denied.

242. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 242, and, thus, no response is necessary. To the extent any further response is necessary, denied.

243. The allegations in paragraph 243 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 243, and, thus, no response is necessary. To the extent any further response is necessary, denied.

244. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 244, and, thus, no response is necessary. To the extent any further response is necessary, denied.

245.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 245, and, thus, no response is necessary. To the extent any further response is necessary, denied.

246.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 246, and, thus, no response is necessary. To the extent any further response is necessary, denied.

247.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 247, and, thus, no response is necessary. To the extent any further response is necessary, denied.

248.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 248, and, thus, no response is necessary. To the extent any further response is necessary, denied.

249.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 249, and, thus, no response is necessary. To the extent any further response is necessary, denied.

250.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 250, and, thus, no response is necessary. To the extent any further response is necessary, denied.

251.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 251, and, thus, no response is necessary. To the extent any further response is necessary, denied.

252.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 252, and, thus, no response is necessary. To the extent any further response is necessary, denied.

253.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 253, and, thus, no response is necessary. To the extent any further response is necessary, denied.

254.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 254, and, thus, no response is necessary. To the extent any further response is necessary, denied.

255.    The allegations in paragraph 255 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 255, and, thus, no response is necessary. To the extent any further response is necessary, denied.

256.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 256, and, thus, no response is necessary. To the extent any further response is necessary, denied.

257.    It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 257, and, thus, no response is necessary. To the extent any further response is necessary, denied.

258.    The allegations in paragraph 258 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 258, and, thus, no response is necessary. To the extent any further response is necessary, denied.

259. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 259, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**J. Integrity-Candler 01 LLC d/b/a Candler Living Center.**

260. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 260, and, thus, no response is necessary. To the extent any further response is necessary, denied.

261. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 261, and, thus, no response is necessary. To the extent any further response is necessary, denied.

262. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 262, and, thus, no response is necessary. To the extent any further response is necessary, denied.

263. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 263, and, thus, no response is necessary. To the extent any further response is necessary, denied.

264. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 264, and, thus, no response is necessary. To the extent any further response is necessary, denied.

265.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 265, and, thus, no response is necessary. To the extent any further response is necessary, denied.

266.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 266, and, thus, no response is necessary. To the extent any further response is necessary, denied.

267.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 267, and, thus, no response is necessary. To the extent any further response is necessary, denied.

268.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 268, and, thus, no response is necessary. To the extent any further response is necessary, denied.

269.    The allegations in paragraph 269 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 269, and, thus, no response is necessary. To the extent any further response is necessary, denied.

270.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 270, and, thus, no response is necessary. To the extent any further response is necessary, denied.

271.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 271, and, thus, no response is necessary. To the extent any further response is necessary, denied.

272.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 272, and, thus, no response is necessary. To the extent any further response is necessary, denied.

273.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 273, and, thus, no response is necessary. To the extent any further response is necessary, denied.

274.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 274, and, thus, no response is necessary. To the extent any further response is necessary, denied.

275.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 275, and, thus, no response is necessary. To the extent any further response is necessary, denied.

276.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 276, and, thus, no response is necessary. To the extent any further response is necessary, denied.

277.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 277, and, thus, no response is necessary. To the extent any further response is necessary, denied.

278.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 278, and, thus, no response is necessary. To the extent any further response is necessary, denied.

279.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 279, and, thus, no response is necessary. To the extent any further response is necessary, denied.

280.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 280, and, thus, no response is necessary. To the extent any further response is necessary, denied.

281.    The allegations in paragraph 281 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 281, and, thus, no response is necessary. To the extent any further response is necessary, denied.

282.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 282, and, thus, no response is necessary. To the extent any further response is necessary, denied.

283.    It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 283, and, thus, no response is necessary. To the extent any further response is necessary, denied.

284.    The allegations in paragraph 284 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 284, and, thus, no response is necessary. To the extent any further response is necessary, denied.

285.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 285, and, thus, no response is necessary. To the extent any further response is necessary, denied.

### K. Integrity Senior Properties Investments, LLC.

286.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 286, and, thus, no response is necessary. To the extent any further response is necessary, denied.

287.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 287, and, thus, no response is necessary. To the extent any further response is necessary, denied.

288.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 288, and, thus, no response is necessary. To the extent any further response is necessary, denied.

289.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 289, and, thus, no response is necessary. To the extent any further response is necessary, denied.

290.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 290, and, thus, no response is necessary. To the extent any further response is necessary, denied.

291.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 291, and, thus, no response is necessary. To the extent any further response is necessary, denied.

292.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 292, and, thus, no response is necessary. To the extent any further response is necessary, denied.

293.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 293, and, thus, no response is necessary. To the extent any further response is necessary, denied.

294.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 294, and, thus, no response is necessary. To the extent any further response is necessary, denied.

295.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 295, and, thus, no response is necessary. To the extent any further response is necessary, denied.

296.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 296, and, thus, no response is necessary. To the extent any further response is necessary, denied.

297.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 297, and, thus, no response is necessary. To the extent any further response is necessary, denied.

298.    The allegations in paragraph 298 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 298, and, thus, no response is necessary. To the extent any further response is necessary, denied.

299.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 299, and, thus, no response is necessary. To the extent any further response is necessary, denied.

300.    The allegations in paragraph 300 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 300, and, thus, no response is necessary. To the extent any further response is necessary, denied.

301.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 301, and, thus, no response is necessary. To the extent any further response is necessary, denied.

302.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 302, and, thus, no response is necessary. To the extent any further response is necessary, denied.

303.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 303, and, thus, no response is necessary. To the extent any further response is necessary, denied.

304.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 304, and, thus, no response is necessary. To the extent any further response is necessary, denied.

305.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 305, and, thus, no response is necessary. To the extent any further response is necessary, denied.

306.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 306, and, thus, no response is necessary. To the extent any further response is necessary, denied.

307.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 307, and, thus, no response is necessary. To the extent any further response is necessary, denied.

308.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 308, and, thus, no response is necessary. To the extent any further response is necessary, denied.

309.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 309, and, thus, no response is necessary. To the extent any further response is necessary, denied.

310.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 310, and, thus, no response is necessary. To the extent any further response is necessary, denied.

311.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 311, and, thus, no response is necessary. To the extent any further response is necessary, denied.

312.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 312, and, thus, no response is necessary. To the extent any further response is necessary, denied.

313.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 313, and, thus, no response is necessary. To the extent any further response is necessary, denied.

314.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 314, and, thus, no response is necessary. To the extent any further response is necessary, denied.

315.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 315, and, thus, no response is necessary. To the extent any further response is necessary, denied.

316.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 316, and, thus, no response is necessary. To the extent any further response is necessary, denied.

317.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 317, and, thus, no response is necessary. To the extent any further response is necessary, denied.

318.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 317, and, thus, no response is necessary. To the extent any further response is necessary, denied.

319.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 319, and, thus, no response is necessary. To the extent any further response is necessary, denied.

320.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 320, and, thus, no response is necessary. To the extent any further response is necessary, denied.

321.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 321, and, thus, no response is necessary. To the extent any further response is necessary, denied.

322.    The allegations in paragraph 322 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 322, and, thus, no response is necessary. To the extent any further response is necessary, denied.

323.    The allegations in paragraph 323 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 323, and, thus, no response is necessary. To the extent any further response is necessary, denied.

324.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 324, and, thus, no response is necessary. To the extent any further response is necessary, denied.

325.    It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 325, and, thus, no response is necessary. To the extent any further response is necessary, denied.

326. The allegations in paragraph 326 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 326, and, thus, no response is necessary. To the extent any further response is necessary, denied.

327. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 327, and, thus, no response is necessary. To the extent any further response is necessary, denied.

### L. Cedarbrook Residential Center, Inc.

328. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 328, and, thus, no response is necessary. To the extent any further response is necessary, denied.

329. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 329, and, thus, no response is necessary. To the extent any further response is necessary, denied.

330. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 330, and, thus, no response is necessary. To the extent any further response is necessary, denied.

331. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 331, and, thus, no response is necessary. To the extent any further response is necessary, denied.

332. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 332, and, thus, no response is necessary. To the extent any further response is necessary, denied.

333. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 333, and, thus, no response is necessary. To the extent any further response is necessary, denied.

334. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 334, and, thus, no response is necessary. To the extent any further response is necessary, denied.

335. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 335, and, thus, no response is necessary. To the extent any further response is necessary, denied.

336. The allegations in paragraph 336 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 336, and, thus, no response is necessary. To the extent any further response is necessary, denied.

337. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 337, and, thus, no response is necessary. To the extent any further response is necessary, denied.

338. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 338, and, thus, no response is necessary. To the extent any further response is necessary, denied.

339. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 339, and, thus, no response is necessary. To the extent any further response is necessary, denied.

340. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 340, and, thus, no response is necessary. To the extent any further response is necessary, denied.

341. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 341, and, thus, no response is necessary. To the extent any further response is necessary, denied.

342. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 342, and, thus, no response is necessary. To the extent any further response is necessary, denied.

343. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 343, and, thus, no response is necessary. To the extent any further response is necessary, denied.

344. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 344, and, thus, no response is necessary. To the extent any further response is necessary, denied.

345. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 345, and, thus, no response is necessary. To the extent any further response is necessary, denied.

346.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 346, and, thus, no response is necessary. To the extent any further response is necessary, denied.

347.    The allegations in paragraph 347 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 347, and, thus, no response is necessary. To the extent any further response is necessary, denied.

348.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 348, and, thus, no response is necessary. To the extent any further response is necessary, denied.

349.    It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 349, and, thus, no response is necessary. To the extent any further response is necessary, denied.

350.    The allegations in paragraph 350 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 350, and, thus, no response is necessary. To the extent any further response is necessary, denied.

351.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 351, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**M. The Autumn Group, Inc. d/b/a Oak Hill Living Center.**

352.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 352, and, thus, no response is necessary. To the extent any further response is necessary, denied.

353.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 353, and, thus, no response is necessary. To the extent any further response is necessary, denied.

354.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 354, and, thus, no response is necessary. To the extent any further response is necessary, denied.

355.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 355, and, thus, no response is necessary. To the extent any further response is necessary, denied.

356.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 356, and, thus, no response is necessary. To the extent any further response is necessary, denied.

357.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 357, and, thus, no response is necessary. To the extent any further response is necessary, denied.

358.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 358, and, thus, no response is necessary. To the extent any further response is necessary, denied.

359. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 359, and, thus, no response is necessary. To the extent any further response is necessary, denied.

360. The allegations in paragraph 360 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 360, and, thus, no response is necessary. To the extent any further response is necessary, denied.

361. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 361, and, thus, no response is necessary. To the extent any further response is necessary, denied.

362. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 362, and, thus, no response is necessary. To the extent any further response is necessary, denied.

363. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 363, and, thus, no response is necessary. To the extent any further response is necessary, denied.

364. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 364, and, thus, no response is necessary. To the extent any further response is necessary, denied.

365. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 365, and, thus, no response is necessary. To the extent any further response is necessary, denied.

366. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 366, and, thus, no response is necessary. To the extent any further response is necessary, denied.

367. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 367, and, thus, no response is necessary. To the extent any further response is necessary, denied.

368. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 368, and, thus, no response is necessary. To the extent any further response is necessary, denied.

369. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 369, and, thus, no response is necessary. To the extent any further response is necessary, denied.

370. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 370, and, thus, no response is necessary. To the extent any further response is necessary, denied.

371. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 371, and, thus, no response is necessary. To the extent any further response is necessary, denied.

372. The allegations in paragraph 372 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 372, and, thus, no response is necessary. To the extent any further response is necessary, denied.

373. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 373, and, thus, no response is necessary. To the extent any further response is necessary, denied.

374. It is admitted that 3M & N's gross annual volume of sales exceeds $500,000. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 374, and, thus, no response is necessary. To the extent any further response is necessary, denied.

375. The allegations in paragraph 375 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 375, and, thus, no response is necessary. To the extent any further response is necessary, denied.

376. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 376, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## III.  Jurisdiction and Venue.

377. It is admitted that the Court has subject matter jurisdiction over Plaintiffs' claims as alleged in the Complaint. The remaining allegations in paragraph 377 are denied.

378. The allegations in paragraph 378 are denied.

379. The allegations in paragraph 379 are denied. 29 U.S.C. § 216(b) does not provide an independent basis for federal jurisdiction over Plaintiffs' claims.

380. The allegations in paragraph 380 state a legal conclusion to which no response is required. To the extent any response is necessary, denied.

381.   It is admitted that, based on Plaintiffs' claims as alleged in the Complaint, venue is proper in the Eastern District of North Carolina under 28 U.S.C. § 1391(b)(2).   Any remaining allegations in paragraph 381 are denied.

## IV.   Collective Action Allegations.

382.   It is admitted that Plaintiffs purport to bring this action against all Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who elect to opt-in under the FLSA's collective action provision, in order to make claims for, *inter alia*, unpaid minimum wages and overtime.   It is specifically denied that this case supports a FLSA collective action against 3M & N.   Except as herein admitted, the allegations of paragraph 382 are denied.

383.   The allegations in paragraph 383 are denied to the extent they are alleged against 3M & N.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 383, and, thus, no response is necessary. To the extent any further response is necessary, denied.

384.   The allegations in paragraph 384, including its subparts, are denied to the extent they are alleged against 3M & N.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 384, and, thus, no response is necessary. To the extent any further response is necessary, denied.

385.   The allegations of paragraph 385 are denied to the extent that they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief

about the truth or falsity of the remaining allegations in paragraph 385, and, thus, no response is necessary. To the extent any further response is necessary, denied.

386.    The allegations in paragraph 386 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 386, and, thus, no response is necessary. To the extent any further response is necessary, denied.

387.    The allegations in paragraph 387 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 387, and, thus, no response is necessary. To the extent any further response is necessary, denied.

388.    The allegations in paragraph 388 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 388, and, thus, no response is necessary. To the extent any further response is necessary, denied.

389.    The allegations in paragraph 389 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 389, and, thus, no response is necessary. To the extent any further response is necessary, denied.

390.    The allegations in paragraph 390 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 390, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## V.    Class Action Allegations.

### A. North Carolina Wage and Hour Act Class.

391.    It is admitted that Plaintiffs purport to bring this action against all Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who do not elect to opt out under Fed. R. Civ. P. 23's class action provision, in order to make claims for, *inter alia*, unpaid minimum wages and overtime under the North Carolina Wage and Hour Act.  It is specifically denied that this case supports a Fed. R. Civ. P. 23 class action against 3M & N.  Except as herein admitted, the allegations of paragraph 391 are denied.

392.    The allegations in paragraph 392 are denied.

393.    The allegations in paragraph 393 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 393, and, thus, no response is necessary. To the extent any further response is necessary, denied.

394.    The allegations in paragraph 394 are denied.

395.    The allegations in paragraph 395, including its subparts, are denied.

396.    The allegations in paragraph 396 are denied.

397.    The allegations in paragraph 397 are denied.

398.    It is admitted that Plaintiffs' North Carolina counsel has a reputation as experienced and competent counsel.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 398, and, thus, no response is necessary. To the extent any further response is necessary, denied.

399. The allegations in paragraph 399 are denied.

400. The allegations in paragraph 400 are denied.

## B. Unjust Enrichment Class.

401. It is admitted that Plaintiffs purport to bring this action against all Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who do not elect to opt out under Fed. R. Civ. P. 23's class action provision, in order to make a claim for unjust enrichment. It is specifically denied that this case supports a Fed. R. Civ. P. 23 class action against 3M & N. Except as herein admitted, the allegations of paragraph 401 are denied.

402. The allegations in paragraph 402 are denied.

403. The allegations in paragraph 403 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 403, and, thus, no response is necessary. To the extent any further response is necessary, denied.

404. The allegations in paragraph 404, including its subparts, are denied.

405. The allegations in paragraph 405 are denied.

406. The allegations in paragraph 406 are denied.

407. It is admitted that Plaintiffs' North Carolina counsel has a reputation as experienced and competent counsel. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 407, and, thus, no response is necessary. To the extent any further response is necessary, denied.

408. The allegations in paragraph 408 are denied.

409.     The allegations in paragraph 409 are denied.

**C. North Carolina Unfair and Deceptive Trade Practices Act Class.**

410.     It is admitted that Plaintiffs purport to bring this action against the RCC Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who do not elect to opt out under Fed. R. Civ. P. 23's class action provision, in order to make claims for, *inter alia*, violation of Chapter 75 of the North Carolina General Statutes. It is admitted that the Chapter 75 claim is not made against 3M & N, and specifically denied that this case supports a Fed. R. Civ. P. 23 class action against 3M & N. Except as herein admitted, the allegations of paragraph 410 are denied.

411.     The allegations in paragraph 413 are denied.

412.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 412, and, thus, no response is necessary. To the extent any further response is necessary, denied.

413.     The allegations in paragraph 413, including its subparts, are denied.

414.     The allegations in paragraph 414 are denied.

415.     The allegations in paragraph 415 are denied.

416.     It is admitted that Plaintiffs' North Carolina counsel has a reputation as experienced and competent counsel. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 416, and, thus, no response is necessary. To the extent any further response is necessary, denied.

417.     The allegations in paragraph 417 are denied.

418.     The allegations in paragraph 418 are denied.

### D. Conversion Class.

419.   It is admitted that Plaintiffs purport to bring this action against the RCC Defendants on behalf of themselves and purportedly similarly-situated current and former residents of the RCC, who do not elect to opt out under Fed. R. Civ. P. 23's class action provision, in order to make claims for, *inter alia*, conversion.  It is admitted that the conversion is not made against 3M & N, and specifically denied that this case supports a Fed. R. Civ. P. 23 class action against 3M & N.  Except as herein admitted, the allegations of paragraph 419 are denied.

420.   The allegations in paragraph 420 are denied.

421.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 421, and, thus, no response is necessary. To the extent any further response is necessary, denied.

422.   The allegations in paragraph 422, including its subparts, are denied.

423.   The allegations in paragraph 423 are denied.

424.   The allegations in paragraph 424 are denied.

425.   It is admitted that Plaintiffs' North Carolina counsel has a reputation as experienced and competent counsel.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 425, and, thus, no response is necessary. To the extent any further response is necessary, denied.

426.   The allegations in paragraph 426 are denied.

427.   The allegations in paragraph 427 are denied.

### VI.   <u>Common Factual Allegations.</u>

428. The allegations in paragraph 428 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 428, and, thus, no response is necessary. To the extent any further response is necessary, denied.

429. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 429, and, thus, no response is necessary. To the extent any further response is necessary, denied.

430. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 430, and, thus, no response is necessary. To the extent any further response is necessary, denied.

431. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 431, and, thus, no response is necessary. To the extent any further response is necessary, denied.

432. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 432, and, thus, no response is necessary. To the extent any further response is necessary, denied.

433. It is admitted, upon information and belief, that many of the residents of RCC enrolled there to treat substance abuse problems. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 433, and, thus, no response is necessary. To the extent any further response is necessary, denied.

434. It is admitted, upon information and belief, that many of the residents of RCC enrolled there to treat substance abuse problems. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 434, and, thus, no response is necessary. To the extent any further response is necessary, denied.

435. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 435, and, thus, no response is necessary. To the extent any further response is necessary, denied.

436. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 436, and, thus, no response is necessary. To the extent any further response is necessary, denied.

437. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 437, and, thus, no response is necessary. To the extent any further response is necessary, denied.

438. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 438, and, thus, no response is necessary. To the extent any further response is necessary, denied.

439. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 439, and, thus, no response is necessary. To the extent any further response is necessary, denied.

440. The allegations in paragraph 440 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 440, and, thus, no response is necessary. To the extent any further response is necessary, denied.

441.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 441, and, thus, no response is necessary. To the extent any further response is necessary, denied.

442.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 442, and, thus, no response is necessary. To the extent any further response is necessary, denied.

443.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 443, and, thus, no response is necessary. To the extent any further response is necessary, denied.

444.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 444, and, thus, no response is necessary. To the extent any further response is necessary, denied.

445.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 445, and, thus, no response is necessary. To the extent any further response is necessary, denied.

446.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 446, and, thus, no response is necessary. To the extent any further response is necessary, denied.

447.	3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 447, and, thus, no response is necessary. To the extent any further response is necessary, denied.

448.	3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 448, and, thus, no response is necessary. To the extent any further response is necessary, denied.

449.	3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 449, and, thus, no response is necessary. To the extent any further response is necessary, denied.

450.	3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 450, and, thus, no response is necessary. To the extent any further response is necessary, denied.

451.	3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 451, and, thus, no response is necessary. To the extent any further response is necessary, denied.

452.	It is admitted that RCC informed 3M & N that work by its residents was an important part of the substance abuse program because the work kept its residents from being idle.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 452, and, thus, no response is necessary. To the extent any further response is necessary, denied.

453.	It is admitted that RCC informed 3M & N that work by its residents was an important part of the substance abuse program because the work kept its residents from

being idle. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 453, and, thus, no response is necessary. To the extent any further response is necessary, denied.

454.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 454, and, thus, no response is necessary. To the extent any further response is necessary, denied.

455.     The allegations in paragraph 455 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 455, and, thus, no response is necessary. To the extent any further response is necessary, denied.

456.     The allegations in paragraph 456 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 456, and, thus, no response is necessary. To the extent any further response is necessary, denied.

457.     3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 457, and, thus, no response is necessary. To the extent any further response is necessary, denied.

458.     The allegations in paragraph 458 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 458, and, thus, no response is necessary. To the extent any further response is necessary, denied.

459. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 459, and, thus, no response is necessary. To the extent any further response is necessary, denied.

460. The allegations in paragraph 460 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 460, and, thus, no response is necessary. To the extent any further response is necessary, denied.

461. The allegations in paragraph 461 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 461, and, thus, no response is necessary. To the extent any further response is necessary, denied.

462. It is admitted that 3M & N entered into an agreement with RCC whereby 3M & N paid RCC either $8.50 per hour or $8.25 per hour for each hour worked by individuals provided by RCC at 3M & N's locations. The remaining allegations in paragraph 462 are denied.

463. The allegations in paragraph 463 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 463, and, thus, no response is necessary. To the extent any further response is necessary, denied.

464. The allegations in paragraph 464 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 464, and, thus, no response is necessary. To the extent any further response is necessary, denied.

465. The allegations in paragraph 465 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 465, and, thus, no response is necessary. To the extent any further response is necessary, denied.

466. The allegations in paragraph 466 are denied to the extent they are alleged against 3M & N. It is specifically denied that 3M & N ever sought to have individuals provided by RCC to 3M & N work shifts for other companies either before or after working for 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 466, and, thus, no response is necessary. To the extent any further response is necessary, denied.

467. The allegations in paragraph 467 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 467, and, thus, no response is necessary. To the extent any further response is necessary, denied.

468. The allegations in paragraph 468 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 468, and, thus, no response is necessary. To the extent any further response is necessary, denied.

469. The allegations in paragraph 469 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 469, and, thus, no response is necessary. To the extent any further response is necessary, denied.

470. The allegations in paragraph 470 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 470, and, thus, no response is necessary. To the extent any further response is necessary, denied.

471. The allegations in paragraph 471 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 471, and, thus, no response is necessary. To the extent any further response is necessary, denied.

472. The allegations in paragraph 472 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 472, and, thus, no response is necessary. To the extent any further response is necessary, denied.

473. It is admitted that 3M & N personnel managed and, in some cases, trained some of the workers provided by RCC at 3M & N locations. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 473, and, thus, no response is necessary. To the extent any further response is necessary, denied.

474. It is admitted that 3M & N provided, at its expense, shirts and hats for the individuals provided to 3M & N by RCC to wear while at 3M & N's location. The remaining allegations of paragraph 474 are denied.

475.    It is admitted that the individuals provided to 3M & N by RCC worked at 3M & N's locations, at which certain equipment and facilities necessary to perform the work was located.  The remaining allegations of paragraph 475 are denied.

476.    It is admitted that 3M & N tracked the number of hours worked by the workers provided to 3M & N by RCC who actually worked with 3M & N.  The remaining allegations of paragraph 476 are denied.

477.    The allegations in paragraph 477 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 477, and, thus, no response is necessary. To the extent any further response is necessary, denied.

478.    The allegations in paragraph 478 are denied.

479.    The allegations in paragraph 479 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 479, and, thus, no response is necessary. To the extent any further response is necessary, denied.

480.    The allegations in paragraph 480 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 480, and, thus, no response is necessary. To the extent any further response is necessary, denied.

481.    The allegations in paragraph 481 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 481, and, thus, no response is necessary. To the extent any further response is necessary, denied.

482. The allegations in paragraph 482 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 482, and, thus, no response is necessary. To the extent any further response is necessary, denied.

483. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 483, and, thus, no response is necessary. To the extent any further response is necessary, denied.

484. The allegations in paragraph 483 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 483, and, thus, no response is necessary. To the extent any further response is necessary, denied.

485. The allegations in paragraph 485 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 485, and, thus, no response is necessary. To the extent any further response is necessary, denied.

486. It is admitted that 3M & N asked RCC to not provide a small number of certain individuals as workers for 3M & N, and that RCC often did not comply with 3M & N's requests. The remaining allegations of paragraph 486 are denied.

487. The allegations in paragraph 487 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in paragraph 487, and, thus, no response is necessary. To the extent any further response is necessary, denied.

488.    The allegations of paragraph 488 are denied.

489.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 489, and, thus, no response is necessary. To the extent any further response is necessary, denied.

490.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 490, and, thus, no response is necessary. To the extent any further response is necessary, denied.

491.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 491, and, thus, no response is necessary. To the extent any further response is necessary, denied.

492.    The allegations in paragraph 492 are denied upon information and belief.

493.    The allegations in paragraph 493 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 493, and, thus, no response is necessary. To the extent any further response is necessary, denied.

494.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 494, and, thus, no response is necessary. To the extent any further response is necessary, denied.

495. It is denied that 3M & N was required to issue paychecks, notices of wages hours worked, required deductions, or other wage-related information to Plaintiffs. The remaining allegations of paragraph 495 are denied.

496. The allegations in paragraph 496 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 496, and, thus, no response is necessary. To the extent any further response is necessary, denied.

497. The allegations in paragraph 497 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 497, and, thus, no response is necessary. To the extent any further response is necessary, denied.

498. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 498, and, thus, no response is necessary. To the extent any further response is necessary, denied.

499. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 499, and, thus, no response is necessary. To the extent any further response is necessary, denied.

500. The allegations in paragraph 500 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 500, and, thus, no response is necessary. To the extent any further response is necessary, denied.

501.    The allegations in paragraph 501 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 501, and, thus, no response is necessary. To the extent any further response is necessary, denied.

502.    The allegations in paragraph 502 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 502, and, thus, no response is necessary. To the extent any further response is necessary, denied.

503.    The allegations in paragraph 503 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 503, and, thus, no response is necessary. To the extent any further response is necessary, denied.

504.    The allegations in paragraph 504 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 504, and, thus, no response is necessary. To the extent any further response is necessary, denied.

505.    The allegations in paragraph 505 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 505, and, thus, no response is necessary. To the extent any further response is necessary, denied.

506.    The allegations in paragraph 506 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 506, and, thus, no response is necessary. To the extent any further response is necessary, denied.

507.    The allegations in paragraph 507 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 507, and, thus, no response is necessary. To the extent any further response is necessary, denied.

508.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 508, and, thus, no response is necessary. To the extent any further response is necessary, denied.

509.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 509, and, thus, no response is necessary. To the extent any further response is necessary, denied.

510.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 510, and, thus, no response is necessary. To the extent any further response is necessary, denied.

511.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 511, and, thus, no response is necessary. To the extent any further response is necessary, denied.

512.    The allegations in paragraph 512 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 512, and, thus, no response is necessary. To the extent any further response is necessary, denied.

513.    The allegations in paragraph 513 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 513, and, thus, no response is necessary. To the extent any further response is necessary, denied.

514.    The allegations in paragraph 514 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 514, and, thus, no response is necessary. To the extent any further response is necessary, denied.

515.    The allegations in paragraph 515 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 515, and, thus, no response is necessary. To the extent any further response is necessary, denied.

516.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 516, and, thus, no response is necessary. To the extent any further response is necessary, denied.

517.    The allegations in paragraph 517 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 517, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## <u>FIRST CAUSE OF ACTION</u>
**Fair Labor Standards Act – Unpaid Minimum Wages**
**(On Behalf of Plaintiffs and the FLSA Collective Against All Defendants)**

518.   3M & N incorporates by reference its responses contained in all the paragraphs herein as if fully set forth.

519.   The allegations in paragraph 519 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 519, and, thus, no response is necessary. To the extent any further response is necessary, denied.

520.   The allegations in paragraph 520 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 520, and, thus, no response is necessary. To the extent any further response is necessary, denied.

521.   The allegations in paragraph 521 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 521, and, thus, no response is necessary. To the extent any further response is necessary, denied.

522.   The allegations in paragraph 522 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 522, and, thus, no response is necessary. To the extent any further response is necessary, denied.

523.   The allegations in paragraph 523 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 523, and, thus, no response is necessary. To the extent any further response is necessary, denied.

524. The allegations in paragraph 524 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 524, and, thus, no response is necessary. To the extent any further response is necessary, denied.

525. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 525, and, thus, no response is necessary. To the extent any further response is necessary, denied.

526. The allegations in paragraph 526 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 526, and, thus, no response is necessary. To the extent any further response is necessary, denied.

527. The allegations in paragraph 527 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 527, and, thus, no response is necessary. To the extent any further response is necessary, denied.

528. It is admitted that 3M & N is an employer and is engaged in commerce. It is denied that 3M & N was an employer of Plaintiffs. The remaining allegations of paragraph 528 are denied.

529. The allegations in paragraph 529 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 529, and, thus, no response is necessary. To the extent any further response is necessary, denied.

530.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 530, and, thus, no response is necessary. To the extent any further response is necessary, denied.

531.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 531, and, thus, no response is necessary. To the extent any further response is necessary, denied.

532.    The allegations in paragraph 532 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 532, and, thus, no response is necessary. To the extent any further response is necessary, denied.

533.    The allegations in paragraph 533 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 533, and, thus, no response is necessary. To the extent any further response is necessary, denied.

534.    The allegations in paragraph 534 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 534, and, thus, no response is necessary. To the extent any further response is necessary, denied.

535.    The allegations in paragraph 535 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 535, and, thus, no response is necessary. To the extent any further response is necessary, denied.

536.    The allegations in paragraph 536 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 536, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime
### (On Behalf of Plaintiffs and the FLSA Collective Against All Defendants)

537.    3M & N incorporates by reference its responses contained in all the paragraphs herein as if fully set forth.

538.    The cited federal law in paragraph 538 speaks for itself.  The remaining allegations in paragraph 538 are denied.

539.    The allegations in paragraph 539 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 539, and, thus, no response is necessary. To the extent any further response is necessary, denied.

540.    The allegations in paragraph 540 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 540, and, thus, no response is necessary. To the extent any further response is necessary, denied.

541.    The allegations in paragraph 541 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 541, and, thus, no response is necessary. To the extent any further response is necessary, denied.

542. The allegations in paragraph 542 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 542, and, thus, no response is necessary. To the extent any further response is necessary, denied.

543. The allegations in paragraph 543 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 543, and, thus, no response is necessary. To the extent any further response is necessary, denied.

544. The allegations in paragraph 544 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 544, and, thus, no response is necessary. To the extent any further response is necessary, denied.

545. The allegations in paragraph 545 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 545, and, thus, no response is necessary. To the extent any further response is necessary, denied.

546. The allegations in paragraph 546 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 546, and, thus, no response is necessary. To the extent any further response is necessary, denied.

**THIRD CAUSE OF ACTION (IN THE ALTERNATIVE)**
**North Carolina Wage and Hour Act – Unpaid Minimum Wages**
**(On Behalf of Plaintiffs and the NCWHA Class Against All Defendants)**

547. 3M & N incorporates by reference its responses contained in all the paragraphs herein as if fully set forth.

548. The allegations in paragraph 548 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 548, and, thus, no response is necessary. To the extent any further response is necessary, denied.

549. The allegations in paragraph 549 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 549, and, thus, no response is necessary. To the extent any further response is necessary, denied.

550. The allegations in paragraph 550 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 550, and, thus, no response is necessary. To the extent any further response is necessary, denied.

551. The allegations in paragraph 551 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 551, and, thus, no response is necessary. To the extent any further response is necessary, denied.

552. Plaintiffs' allegations and claims in the Complaint speak for themselves. 3M & N denies that Plaintiffs are entitled to any of the relief requested in paragraph 552 from 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 552, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## FOURTH CAUSE OF ACTION
### North Carolina Wage and Hour Act – Unpaid Overtime
### (On Behalf of Plaintiffs and the NCWHA Class Against All Defendants)

553.  3M & N incorporates by reference its responses contained in all the paragraphs herein as if fully set forth.

554.  The allegations in paragraph 554 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 554, and, thus, no response is necessary. To the extent any further response is necessary, denied.

555.  The allegations in paragraph 555 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 555, and, thus, no response is necessary. To the extent any further response is necessary, denied.

556.  The allegations in paragraph 556 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 556, and, thus, no response is necessary. To the extent any further response is necessary, denied.

557.  The allegations in paragraph 557 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 557, and, thus, no response is necessary. To the extent any further response is necessary, denied.

558.    Plaintiffs' allegations and claims in the Complaint speak for themselves. 3M & N

denies that Plaintiffs are entitled to any of the relief requested in paragraph 558 from

3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 558, and, thus, no response is

necessary. To the extent any further response is necessary, denied.

### FIFTH CAUSE OF ACTION
**North Carolina Wage and Hour Act – Wage Payment**
**(On Behalf of Plaintiffs and the NCWHA Class Against All Defendants)**

559.    3M & N incorporates by reference its responses contained in all the paragraphs

herein as if fully set forth.

560.    The allegations in paragraph 560 are denied to the extent they are alleged against

3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 560, and, thus, no response is

necessary. To the extent any further response is necessary, denied.

561.    The allegations in paragraph 561 are denied to the extent they are alleged against

3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 561, and, thus, no response is

necessary. To the extent any further response is necessary, denied.

562.    The allegations in paragraph 562 are denied to the extent they are alleged against

3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 562, and, thus, no response is

necessary. To the extent any further response is necessary, denied.

563. The allegations in paragraph 563 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 563, and, thus, no response is necessary. To the extent any further response is necessary, denied.

564. The allegations in paragraph 564 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 564, and, thus, no response is necessary. To the extent any further response is necessary, denied.

565. Plaintiffs' allegations and claims in the Complaint speak for themselves. 3M & N denies that Plaintiffs are entitled to any of the relief requested in paragraph 565 from 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 565, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiffs and the Unjust Enrichment Class Against All Defendants)

566. 3M & N incorporates by reference its responses contained in all the paragraphs herein as if fully set forth.

567. The allegations in paragraph 567 are denied to the extent they are alleged against 3M & N. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 567, and, thus, no response is necessary. To the extent any further response is necessary, denied.

568.   3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 568, and, thus, no response is necessary. To the extent any further response is necessary, denied.

569.   The allegations in paragraph 569 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 569, and, thus, no response is necessary. To the extent any further response is necessary, denied.

570.   The allegations in paragraph 570 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 570, and, thus, no response is necessary. To the extent any further response is necessary, denied.

571.   The allegations in paragraph 571 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 571, and, thus, no response is necessary. To the extent any further response is necessary, denied.

572.   The allegations in paragraph 572 are denied to the extent they are alleged against 3M & N.  3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 572, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## **SEVENTH CAUSE OF ACTION**
**Unfair or Deceptive Trade Practices**
**(On Behalf of Plaintiffs and the UDTPA Class Against the RCC Defendants)**

573.    3M & N incorporates by reference its responses contained in all the paragraphs herein as if fully set forth.

574.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 574, and, thus, no response is necessary. To the extent any further response is necessary, denied.

575.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 575, and, thus, no response is necessary. To the extent any further response is necessary, denied.

576.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 576, and, thus, no response is necessary. To the extent any further response is necessary, denied.

577.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 577, and, thus, no response is necessary. To the extent any further response is necessary, denied.

578.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 578, and, thus, no response is necessary. To the extent any further response is necessary, denied.

579.    3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 579, and, thus, no response is necessary. To the extent any further response is necessary, denied.

580. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 580, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## EIGHTH CAUSE OF ACTION
### Conversion
### (On Behalf of Plaintiffs and the Conversion Class Against the RCC Defendants)

581. 3M & N incorporates by reference its responses contained in all the paragraphs herein as if fully set forth.

582. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 582, and, thus, no response is necessary. To the extent any further response is necessary, denied.

583. 3M & N lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 583, and, thus, no response is necessary. To the extent any further response is necessary, denied.

## DEFENSES
### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' claims should be dismissed pursuant to Fed. R. 12(b)(6) to the extent they fail to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (No Employment)

Plaintiffs' claims are barred in whole or in part because 3M & N was not an "employer" of Plaintiffs under the FLSA or the NCWHA, nor were Plaintiffs "employees" under the FLSA or the NCWHA.

## THIRD DEFENSE
### (No Joint Employment)

Plaintiffs' claims are barred in whole or in part because 3M & N was not part of a "labor pool" with the other Defendants, and was otherwise not a joint employer of Plaintiffs with any other Defendant.

## FOURTH DEFENSE
### (Exemptions, Wage Deductions, and Allowable Setoffs)

Plaintiffs' claims are barred in whole or in part to the extent applicable exemptions, wage deductions, and/or allowable setoffs apply.

## FIFTH DEFENSE
### (Exclusions from the Regular Rate of Pay)

Plaintiffs' claims are barred in whole or in part by exclusions to Plaintiff's "regular rate" of pay as contained in Section 7(e) of the Fair Labor Standards Act (codified at 29 U.S.C. § 207(e)).

## SIXTH DEFENSE
### (Estoppel, Accord and Satisfaction, Waiver and Release, Laches, Failure to Mitigate Damages)

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, accord and satisfaction, waiver and release, laches, and failure to mitigate damages on the grounds that, *inter alia*, Plaintiffs voluntarily worked for RCC at 3M & N's locations without expectation of compensation directly from 3M & N, and Plaintiffs did not notify or inform 3M & N that they were not receiving accrued wages or compensation for work performed at 3M & N's locations until 3M & N was served with this lawsuit.

## SEVENTH DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH DEFENSE
### (Contract / Assignment of Wages)

Plaintiffs' claims are barred in whole or in part by Plaintiffs' assignment of any wages they purportedly earned while performing work at 3M & N's location to one or more of the RCC Defendants.

## NINTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs did not satisfy the statute of limitations applicable to FLSA and/or NCWHA claims. Any acts or omissions which may be found to be in violation of the rights afforded by the FLSA or NCWHA were not willful, but were supported by reasonable grounds for believing that Defendant was in full compliance with the FLSA and NCWHA. Accordingly, the statute of limitations can be no longer than two (2) years under the FLSA, 29 U.S.C. § 255(A), or the NCWHA.

## TENTH DEFENSE
### (Actions in Good Faith)

Plaintiffs' claims, including but not limited to its claims for liquidated damages under the FLSA and NCWHA, are barred in whole or in part to the extent that 3M & N acted in good faith to comply with the FLSA, the NCWHA, and all other applicable rules and regulations regarding the payment of wages, and with reasonable grounds for believing

it was not in violation of the FLSA, the NCWHA, or any other applicable rule or regulation of the payment of wages.

## ELEVENTH DEFENSE
### (Incompatibility of Class Actions)

Certification of Plaintiffs' claims as part of a class action suit is barred in whole or in part by the incompatibility of the opt-out provision for class certification contained in Fed. R. Civ. P. 23 and applied to Plaintiffs' state law claims, and the opt-in provision for class certification contained in the FLSA and applied to Plaintiffs' federal claims.

## TWELFTH DEFENSE
### (Violation of Rules Enabling Act)

Certification of Plaintiffs' claims as part of a class action suit is barred in whole or in part by the Rules Enabling Act (codified at 28 U.S.C. § 2072) to the extent that certification under Fed. R. Civ. P. 23 abridges a substantive right of potential class members or of 3M & N.

## THIRTEENTH DEFENSE
### (Violation of Due Process Rights)

Certification and/or trial of this case as a class action would violate 3M & N's rights under the Fifth and Seventh Amendments to the United States Constitution, and notice to the alleged class that Plaintiffs purport to represent would violate 3M & N's due process rights.

## FOURTEENTH DEFENSE
### (Claim and Issue Preclusion)

Plaintiffs' claims are barred in whole or in part by the preclusive effect of claims or issues already determined on their merits.

## FIFTEENTH DEFENSE
### (Activities Not Compensable)

Plaintiffs' claims are barred in whole or in part to the extent that 29 U.S.C. § 254 exempts 3M & N from liability on account of the failure to pay Plaintiffs for or on account of certain activities that were preliminary or post-liminary to their principal activities.

## SIXTEENTH DEFENSE
### (*De Minimis*)

Plaintiffs' claims are barred in whole or in part to the extent that the time for which compensation is sought is *de minimis*, and therefore not compensable.

## SEVENTEENTH DEFENSE
### (Non-Compensable Activities)

Plaintiffs' claims are barred in whole or in part to the extent that they seek relief for non-compensable activities or time not considered hours worked under the FLSA or the NCWHA.

## EIGHTEENTH DEFENSE
### (Applicable Defenses to Additional Opt-ins)

To the extent this Court allows the proposed class / collective action to go forward, 3M & N reserves the right to assert additional affirmative defenses that may apply to future

Plaintiffs who opt in to this action, based on knowledge and/or information not yet obtained, but once obtained, sufficient to justify a belief therein.

## NINETEENTH DEFENSE
### (Lack of Standing)

Those on whose behalf Plaintiff purports to complain lack standing to assert claims against 3M & N to the extent that they did not perform work for RCC at one of 3M & N's location.

## TWENTIETH DEFENSE
### (Offset)

Any claims for damages by Plaintiffs against 3M & N must be offset by (1) the value of the residential treatment services provided by the RCC Defendants to Plaintiffs, including the room, board, food, and treatment program provided by the RCC Defendants; and (2) the amounts paid by 3M & N to RCC in connection with the work performed by such Plaintiffs.

## TWENTY-FIRST DEFENSE
### (Failure to Meet Requirements of Class Action)

This lawsuit may not be properly maintained as a class action against 3M & N because (1) Plaintiffs failed to fully plead and cannot establish the necessary procedural elements for class treatment; (2) the members of the putative class are not so numerous that joinder of all members is impracticable; (3) common issues of fact or law do not predominate; (4) neither Plaintiff is a proper or adequate class representative; and (5) a class action is not an appropriate method for the fair and efficient adjudication of the claims alleged in the Complaint.

## TWENTY-SECOND DEFENSE
### (Preemption)

Plaintiffs' claims under the NCWHA should be dismissed with prejudice for failure to state a claim upon which relief can be granted under Rule 12(b)(6) because they are based on the same facts upon which their FLSA claims are based. Accordingly, the FLSA preempts Plaintiffs' claims under the NCWHA, and any recovery under the NCWHA would be duplicative of any recovery under the FLSA.

## TWENTY-THIRD DEFENSE
### (Authorization)

To the extent Plaintiffs earned wages from 3M & N, which is denied, 3M & N was empowered and required by federal and/or state law to divert the wages to RCC or had written authorization in accordance with N.C. Gen. Stat. 95-25.8(a) to divert the wages to RCC.

## TWENTY-FOURTH DEFENSE
### (Lack of Causation and Indemnification)

Plaintiffs' claims against 3M&N are barred, in whole or in part, because 3M & N was not the proximate cause of the alleged harm to Plaintiffs. To the extent 3M & N is liable for any amount of damages to Plaintiffs, such damages would be entirely attributable to the misconduct of one or more of the RCC Defendants (as described in the Complaint and in 3M & N's Crossclaim below), and 3M & N would be entitled to be completely and fully indemnified by the RCC Defendants.

## TWENTY-FIFTH DEFENSE
### (Intervening, Superseding Cause)

To the extent that Plaintiffs have suffered any damages, the actions and omissions of the RCC Defendants were intervening, superseding causes.

## TWENTY-SIXTH DEFENSE
### (Election of Remedies)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' election of alternative remedies.

## ADDITIONAL DEFENSES

3M & N reserves the right to amend its Answer and to assert additional affirmative defenses as this matter proceeds through discovery.

## CONTINGENT CROSSCLAIMS BY 3M & N AGAINST RECOVERY CONNECTIONS COMMUNITY, JENNIFER A. WARREN AND PHILLIP J. WARREN

NOW COMES Defendant 3M & N, Inc. ("Crossclaim-Plaintiff" or "3M & N"), pursuant to Fed. R. Civ. P. 13(g), and, complaining of Defendants Recovery Connections Community ("RCC"), Jennifer A. Warren ("J. Warren") and Phillip J. Warren ("P. Warren") (collectively the "Crossclaim Defendants"), contingent on allegations against the RCC Defendants in Plaintiffs' Complaint being true, says and alleges as follows:

## INTRODUCTION

1. 3M & N is a small, family-owned business based in Erwin, North Carolina, which owns and operates three (3) Zaxby's franchises. As a part of what it believed to be efforts to help residents of an in-patient residential drug treatment program, Zaxby's contracted

with Recovery Connections Community to provide labor to Zaxby's at a greater than market rate. It was 3M & N's understanding at all times that RCC residents were voluntarily participating in the program, the local court system and law enforcement referred many of the residents to RCC, the residents had voluntarily agreed to the program (including the work involved), and that RCC's financial arrangements with its residents (and with 3M & N) were lawful.

2. 3M & N hereby crossclaims against Defendants Recovery Connections Community, Jennifer A. Warren, and Phillip J. Warren for damages incurred by 3M & N in connection with 3M & N's contracts with RCC pursuant to which RCC provided labor services to 3M & N. In the event that Plaintiffs' claims against 3M & N are found to have merit, RCC, J. Warren, and P. Warren fraudulently and/or negligently induced 3M & N into entering into the applicable contracts with RCC, accepting the workers provided by RCC, and directly paying RCC, resulting in damage to 3M & N.

## PARTIES AND JURISDICTION

3. Defendant and Crossclaim-Plaintiff 3M & N, Inc. is a North Carolina corporation with its principal place of business in Harnett County, North Carolina.

4. Upon information and belief, Defendant and Crossclaim-Defendant Recovery Connections Community is a corporation with its principal place of business in Buncombe County, North Carolina.

5. Upon information and belief, Defendant and Crossclaim-Defendant Phillip J. Warren is an individual residing in Buncombe County, North Carolina.

6. Upon information and belief, Defendant and Crossclaim-Defendant Jennifer A. Warren is an individual residing in Buncombe County, North Carolina.

7. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331.

8. Jurisdiction in this Court is proper over 3M & N crossclaims pursuant to Fed. R. Civ. P. 13(g), as the subject crossclaims arise out of the transaction or occurrence that is the subject matter of this action.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

10. In or about June 2015, 3M & N entered into a contract with RCC pursuant to which RCC agreed to provide food preparation, loading, and general labor services to 3M & N in return for payment by 3M & N to RCC of $8.25 per hour (the "2015 Contract").

11. During the time period prior to entering into the 2015 Contract, RCC, through P. Warren and J. Warren, made, *inter alia*, the following representations to 3M & N:

    a. RCC was a non-profit organization;

    b. RCC was a long-term residential substance abuse program with substantial experience in treating individuals with substance abuse issues;

    c. RCC residents attended the program voluntarily and could leave at any time;

    d. Many of the RCC residents were referred to RCC by the local court systems;

    e. Many of RCC's residents had experienced substantial success in treating their substance abuse disorders;

f. Work was an important component of RCC's substance abuse program because it kept the residents from being idle, and idle time can be dangerous for people with substance abuse problems;

g. The money paid by 3M & N to RCC would be used to defray the cost of RCC's substance abuse program since RCC was a non-profit organization; and

h. By entering into the 2015 Contract, 3M & N would actually be helping the RCC residents achieve their substance abuse program goals.

12. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, the representations described in paragraph 11 were false.

13. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, the representations described in paragraph 11 were intentionally calculated to deceive 3M & N and induce 3M & N to enter into the 2015 Contract.

14. RCC reasonably relied on the representations described in paragraph 11 in entering into the 2015 Contract, and was in fact deceived by them if the allegations in the Complaint regarding the RCC Defendants are proven to be true,.

15. 3M & N paid for labor provided by RCC under the 2015 Contract pursuant to the terms of the 2015 Contract.

16. RCC provided labor to 3M & N under the 2015 Contract until on or about May 30, 2016, when they entered into a new contract (the "2016 Contract").

17. The 2016 Contract was similar to the 2015 Contract, except that the rate was increased to $8.50 per hour and it expired on May 30, 2017.

18. Based on the same representations described in paragraph 11, which continued to be made during the 2015 Contract period, 3M & N entered into the 2016 Contract.

19. RCC provided labor to 3M & N at $8.50 per hour from May 30, 2016 until 3M & N stopped using labor from RCC in 2018.

20. The representations described in paragraph 11 continued to be made by RCC, P. Warren, and J. Warren to 3M & N on an ongoing and continuing basis throughout the period of time that RCC provided labor to 3M &N through both affirmative misrepresentations by RCC, P. Warren, and J. Warren as well as, upon information and belief, efforts to conceal the actual facts from 3M &N if the allegations in the Complaint regarding the RCC Defendants are proven to be true.

## FIRST CLAIM FOR RELIEF
### (Fraud)

21. 3M & N incorporates by reference the other paragraphs of its crossclaims into this section.

22. RCC, P. Warren, and J. Warren, through words and/or conduct, made representations to 3M & N that, *inter alia*:

    a. RCC was a non-profit organization;

    b. RCC was a long-term residential substance abuse program with substantial experience in treating individuals with substance abuse issues;

    c. RCC residents attended the program voluntarily and could leave at any time;

    d. Many of the RCC residents were referred to RCC by the local court systems;

e. Many of RCC's residents had experienced substantial success in treating their substance abuse disorders;

f. Work was an important component of RCC's substance abuse program because it kept the residents from being idle, and idle time can be dangerous for people with substance abuse problems;

g. The money paid by 3M & N to RCC would be used to defray the cost of RCC's substance abuse program since RCC was a non-profit organization; and

h. By entering into the 2015 Contract, and by continuing the contractual relationship with RCC by executing the 2016 Contract, 3M & N would actually be helping the RCC residents achieve their substance abuse program goals.

23. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, the Crossclaim Defendants' representations were false, were calculated to deceive 3M & N, and did in fact deceive 3M & N into entering into the 2015 Contract and 2016 Contract and into accepting labor services from them.

24. 3M & N relied upon the Crossclaim Defendants' representations and acted upon them.

25. 3M & N's reliance upon the representations by the Crossclaim Defendants was reasonable given, among other things, that 3M & N understood that many RCC residents were referred to RCC by local court and law enforcement, that RCC residents voluntarily participated in its residential program, and that many of the RCC residents that performed work at 3M & N's locations stated that the program provided by RCC helped treat their substance abuse problems and saved their lives.

26. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, 3M & N suffered damages as a direct and proximate result of the fraudulent conduct of the Crossclaim Defendants.

27. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, 3M & N is entitled to recover punitive damages from RCC the Crossclaim Defendants as a result of their fraudulent conduct.

**SECOND CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**

28. 3M & N incorporates by reference the other paragraphs of its crossclaims into this section.

29. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, Crossclaim Defendants made certain representations of material fact to 3M & N, as described herein, that they knew or should have known were false and/or misleading, and Crossclaim Defendants knew and intended that 3M & N would reasonable rely on them.

30. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, Crossclaim Defendants failed to exercise reasonable care in communicating the false and/or misleading information.

31. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, 3M & N justifiably and reasonable relied upon these false representations.

32. If the allegations in the Complaint regarding the RCC Defendants are proven to be true, 3M & N suffered damages as a direct and proximate result of Crossclaim Defendants' conduct.

## PRAYER FOR RELIEF

3M & N hereby gives notice that it intends to rely on other defenses that may become available or apparent during discovery proceedings in this matter and reserves its right to amend its Answer to assert such defenses.

WHEREFORE, having fully responded to the Complaint, 3M & N respectfully requests that:

1. Plaintiffs' request for FLSA Collective Action certification be denied;

2. Plaintiffs' request for Rule 23 Class certification be denied;

3. Plaintiffs' demands for damages, specific performance, liquidated damages, equitable relief, and all other relief be denied;

4. Plaintiffs recover nothing from 3M & N through this action;

5. Judgment on each and every one of Plaintiffs' claims be entered in favor of 3M & N;

6. 3M & N recover from Plaintiffs all costs and attorneys' fees it has incurred defending these claims;

7. Judgment against the Crossclaim Defendants and in favor of 3M & N on 3M & N's Crossclaims;

8. An award of compensatory damages against the Crossclaim Defendants and in favor of 3M & N;

9.     An award of punitive damages against the Crossclaim Defendants and in favor of 3M &N;

10.    A trial by jury be held for all issues so triable; and

11.    3M & N be granted all other relief that this Court deems just and proper.

This the 26th day of November, 2018.

**SHANAHAN McDOUGAL, PLLC**

By:   */s/ John E. Branch III*
Brandon S. Neuman, NCSB # 33590
John E. Branch III, NCSB # 32598
128 E. Hargett Street, Third Floor
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499
bneuman@shanahanmcdougal.com
jbranch@shanahanmcdougal.com
*Attorneys for Defendant 3M &N, Inc.*
*d/b/a Zaxby's*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing **Defendant 3M & N, Inc.'s Answer and Crossclaims** was filed this the 26th day of November, 2018 with the Clerk of Court using the CM/ECF system and by First Class Mail and Certified Mail, return receipt requested, where indicated. Parties may access this filing through the Court's Electronic Filing System. Notice of this filing will be sent to the following counsel of record by operation of the Court's Electronic Filing System:

| | |
|---|---|
| Narendra K. Gosh | Clermont F. Ripley |
| Paul E. Smith | Carol L. Brooke |
| Patterson Harkavy LLP | North Carolina Justice Center |
| 100 Europa Drive, Suite 420 | 224 South Dawson Street |
| Chapel Hill, NC 27517 | Raleigh, NC 27601 |
| nghosh@pathlaw.com | clermont@ncjustice.org |
| psmith@pathlaw.com | carol@ncjustice.org |
| | |
| Melissa L. Stewart | E. Hardy |
| Jalise Burt | Philip R. Isley |
| Outten & Golden, LLP | Blanchard Miller Lewis & Isley, P.A. |
| 685 Third Avenue, 25th Floor | 1117 Hillsborough St. |
| New York, NY 10017 | Raleigh, NC 27603 |
| mstewart@outtengolden.com | hlewis@bmlilaw.com |
| jburt@outtengolden.com | pisley@bmlilaw.com |
| | |
| D.J. O'Brien, III | |
| Brooks Pierce McLendon Humphrey & Leonard, LLP | |
| P.O. Box 1800 | |
| Raleigh, NC 27602 | |
| dobrien@brookspierce.com | |

*Via U.S. Mail:*

| | |
|---|---|
| Jennifer A. Warren | Phillip J. Warren |
| 65 Chestnut Hill Rd. | 65 Chestnut Hill Rd. |
| Black Mountain, NC 28711 | Black Mountain, NC 28711 |

Journey to Recovery, LLC
c/o Phillip J. Warren – Reg. Agent
121 East H. Street
Erwin, NC 28339

*Via Certified Mail,*
*Return Receipt Requested:*

Recovery Connections Community
c/o Jennifer Ann Hollowell - Reg. Agent
65 Chestnut Hill Rd.
Black Mountain, NC 28711

**SHANAHAN McDOUGAL, PLLC**

By:   /s/ John E. Branch III
Brandon S. Neuman, NCSB # 33590
John E. Branch III, NCSB # 32598
128 E. Hargett Street, Third Floor
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499
bneuman@shanahanmcdougal.com
jbranch@shanahanmcdougal.com
*Attorneys for Defendant 3M &N, Inc.*
 *d/b/a Zaxby's*