| | | |
|---|---|---|
| ANDREW PRESSON and KIMBERLY MYRIS, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 5:18-cv-00466-BO |
| RECOVERY CONNECTIONS COMMUNITY, et al., | ) ) ) | |
| Defendants. | ) ) | |

## INTEGRITY DEFENDANTS' ANSWER TO
## CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Integrity-Hominy Valley, LLC ("Integrity-Hominy Valley"); Integrity-Candler 02 LLC; Integrity-Candler Living Center, LLC ("Integrity-Candler"); Integrity-Candler 01 LLC; and Integrity Senior Properties Investments, LLC (collectively "Integrity Defendants"), through counsel, respond to the Class and Collective Action Complaint (the "Complaint") of Plaintiffs Andrew Presson and Kimberly Myris ("Plaintiffs") as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action for which relief can be granted against Integrity Defendants. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE AND ANSWER

Integrity Defendants, specifically answering the allegations in the sections and numbered paragraphs of the Complaint, state:

### PRELIMINARY STATEMENT

1.     Integrity Defendants admit Recovery Connections Community ("RCC") held itself out to the public and Integrity-Hominy Valley and Integrity-Candler as a recovery

support program offering therapeutic services in a sober communal living environment to indigent adults with a history of long-term substance abuse and addiction, which included rehabilitative occupational opportunities. Integrity-Hominy Valley and Integrity-Candler entered into one or more Independent Contractor Agreements with RCC, the terms of which speak for themselves. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

2.     Integrity Defendants admit RCC represented it provided a sober communal living environment for indigent adults suffering from a history of long-term substance abuse and addiction. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

3.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

4.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

5.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

6.     Integrity Defendants admit that RCC represented that participants in its program participated in meaningful occupational activities on a voluntary basis as part of the RCC sober communal living environment. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

7.     Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler entered into one or more Independent Contractor Agreements with RCC for general labor services. Integrity Defendants admit that RCC represented that its residents performed the labor services on voluntary basis as part of the RCC sober communal living

environment. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

8.      Integrity Defendants admit on information and belief that Jennifer Warren and Phillip Warren have been associated with RCC. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

9.      Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler entered into one or more Independent Contractor Agreements with RCC. Integrity Defendants deny Integrity-Candler 01 LLC, Integrity-Candler 02 LLC, and Integrity Senior Properties Investments, LLC contracted with RCC. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

10.      Integrity Defendants admit that RCC represented that participants in its program participated in meaningful occupational activities on a voluntary basis as part of the RCC sober communal living environment. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

11.      Integrity Defendants admit Plaintiffs attempt to state a claim for relief against Defendants as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), for alleged unpaid minimum wages and overtime. Integrity Defendants deny any liability to Plaintiffs or those similarly situated. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

12.      Integrity Defendants admit Plaintiffs attempt to state various claims for relief against Defendants as a class action in the alternative pursuant to Rule 23 of the Federal Rules of Civil Procedure. Integrity Defendants deny any liability to Plaintiffs or

those similarly situated. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

13.     Integrity Defendants admit Plaintiffs attempt to state other claims for relief against the "RCC Defendants" as a class action. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

## THE PARTIES

### Plaintiffs

**Andrew Presson**

14.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

15.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

16.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

17.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

18.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

19.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

20.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

21.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

22.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

23.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

24.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

25.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

26.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

27.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

28.     Integrity Defendants admit Plaintiff Andrew Presson ("Presson") worked from time to time at Integrity-Hominy Valley and Integrity-Candler as a RCC contract laborer in April and May 2018. Presson then worked as an employee of Integrity-Hominy Valley and Integrity-Candler from on or about May 25, 2018, until on or about July 28, 2018. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

29.     Integrity Defendants admit Plaintiff Andrew Presson worked from time to time at Integrity-Hominy Valley and Integrity-Candler as a RCC contract laborer in April and May 2018. Presson then worked as an employee of Integrity-Hominy Valley and Integrity-Candler from on or about May 25, 2018, until on or about July 28, 2018. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

30.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

31.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

32.     Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler fully paid Presson all wages he earned once he became an employee of Integrity-Hominy Valley and Integrity-Candler. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

33.     This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

34.     Integrity Defendants admit Plaintiffs attached Exhibit A to their Complaint. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

35.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

36.     Denied.

37.     Integrity Defendants deny the allegations in this paragraph upon information and belief.

**Kimberly Myris**

38.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

39.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

40.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

41.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

42.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

43.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

44.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

45.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

46.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

47.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

48.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

49.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

50.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

51.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

52.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

53.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

54.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

55.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

56.     Integrity Defendants admit Plaintiff Kimberly Myris ("Myris") provided services from time to time at Integrity-Hominy Valley and/or Integrity-Candler as a RCC contract laborer from August 2017 until May 2018. Myris then worked as an employee of Integrity Integrity-Hominy Valley and Integrity-Candler from on or about June 3, 2018, until on or about September 8, 2018. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

57.     Integrity Defendants admit Myris provided services from time to time at Integrity-Hominy Valley and/or Integrity-Candler as a RCC contract laborer from August 2017 until May 2018. Myris then worked as an employee of Integrity-Hominy Valley and Integrity-Candler from on or about June 3, 2018, until on or about September 8, 2018. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

58.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

59.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

60.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

61.     Denied.

62.     This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

63.     Integrity Defendants admit Plaintiffs attached Exhibit B to their Complaint.

64.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

65.     Denied.

66.     Integrity Defendants deny the allegations in this paragraph upon information and belief.

**Defendants**

**Recovery Connections Community**

67.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

68.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

69.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

70.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

71.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and its subparagraphs and therefore deny the same.

72.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

73.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

74.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

75.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

76.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

77.     Integrity Defendants admit RCC controlled the working conditions of the contract laborers it provided to Integrity-Hominy Valley and Integrity-Candler pursuant to one or more Independent Contractor Agreements. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

78.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

79.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

80.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

81.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

82.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

83.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

84.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

85.     Integrity Defendants admit RCC held itself out to the public and Integrity-Hominy Valley and Integrity-Candler as a recovery support program offering therapeutic services, including rehabilitative occupational opportunities, in a sober communal living

environment to indigent adults with a history of long-term substance abuse and addiction. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

86.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

87.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

88.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

89.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**Journey to Recovery LLC**

90.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

91.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

92.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

93.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

94.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

95.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

96.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

97.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

98.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

99.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

100.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

101.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**Jennifer A. Warren**

102.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

103.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

104.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

105.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

106.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

107.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

108.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

109.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

110.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

111.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

112.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

113.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

114.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

115.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

116.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

117.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

118.     Denied.

119.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

120.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

121.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**Phillip J. Warren**

122.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

123.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

124.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

125.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

126.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

127.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

128.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

129.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

130.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

131.    Denied.

132.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

133.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

134.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**3M & N, Inc. d/b/a Zaxby's**

135.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

136.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and its subparagraphs and therefore deny the same.

137.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

138.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

139.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

140.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

141.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

142.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

143.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

144.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

145.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

146.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

147.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

148.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

149.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

150.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

151.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

152.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

153.    Denied.

154.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

155.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

156.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

157.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**Western North Carolina Lions, Inc. d/b/a Marjorie McCune Memorial Center**

158.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

159.     Integrity Defendants admit on information and belief that Western North Carolina Lions, Inc. operates a nonprofit adult-care facility called the Marjorie McCune Memorial Center. Except as expressly admitted, Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

160.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

161.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

162.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

163.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

164.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

165.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

166.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

167. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

168. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

169. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

170. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

171. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

172. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

173. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

174. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

175. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

176. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

177. Integrity Defendants deny they jointly and severally employed employees with any of the other Defendants. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

178.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

179.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

180.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

181.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**Integrity-Hominy Valley, LLC d/b/a Hominy Valley Retirement Center**

182.    Integrity Defendants admit Integrity-Hominy Valley is a limited liability company. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

183.    Denied.

184.    Admitted.

185.    Integrity Defendants admit Integrity-Hominy Valley primarily cares for the aged and disabled. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

186.    Denied.

187.    Integrity Defendants admit Plaintiffs and other RCC contract laborers performed housekeeping duties, washed laundry, bathed residents, changed residents' clothing and diapers, and walked the halls at Integrity-Hominy Valley. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

188.    Denied.

189.    Integrity Defendants admit workers at Integrity-Hominy Valley, including RCC contract laborers and certain volunteers, were required by the North Carolina

Department of Health and Human Services to undergo a criminal background check, have no substantiated findings listed on the North Carolina Health Care Personnel Registry, be tested for Tuberculosis in compliance with control measures adopted by the Commission for Public Health, and be drug tested. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

190.    Integrity Defendants admit that Integrity-Hominy Valley requested RCC provide contract laborers to help staff certain shifts and RCC selected which contract laborers to assign. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

191.    Denied.

192.    Integrity Defendants admit Integrity-Hominy Valley oversaw the services performed by RCC contract laborers at Integrity-Hominy Valley. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

193.    Integrity Defendants admit Plaintiffs and other RCC contract laborers performed housekeeping duties, washed laundry, bathed residents, changed residents' clothing and diapers, and walked the halls at Integrity-Hominy Valley. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

194.    Denied.

195.    Integrity Defendants admit Integrity-Hominy Valley provided RCC residents with supplies for housekeeping duties and other necessary items to complete the services they performed. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

196.    Denied.

197.    Integrity Defendants admit Integrity-Hominy Valley paid RCC for general labor services on an hourly basis pursuant to one or more Independent Contractor

Agreements. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

198.     Integrity Defendants admit Integrity-Hominy Valley maintained a record of the hours of individual employees, including Plaintiffs and other former RCC contract laborers, after they became employees of Integrity-Hominy Valley (in Plaintiffs' case in May and June 2018, respectively). Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

199.     Denied.

200.     Integrity Defendants admit Integrity-Hominy Valley had the authority to terminate Plaintiffs and other former RCC contract laborers after they became employees of Integrity-Hominy Valley (in Plaintiffs' case in May and June 2018, respectively). Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

201.     Denied.

202.     Admitted.

203.     Denied.

204.     Admitted.

205.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

206.     Integrity Defendants admit that Integrity Hominy-Valley paid RCC pursuant to one or more Independent Contractor Agreements for general labor services performed by Plaintiffs and other RCC contract laborers until May 2018. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

207.     Denied.

**Integrity-Candler 02 LLC d/b/a Hominy Valley Retirement Center**

208.     Integrity Defendants admit Integrity-Candler 02 LLC is a limited liability company with a principal place of business at 3053 South Church Street, Burlington, North Carolina, 27215. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Denied.

213.     Denied.

214.     Denied.

215.     Denied.

216.     Denied.

217.     Denied.

218.     Denied.

219.     Denied.

220.     Denied.

221.     Denied.

222.     Denied.

223.     Denied.

224.     Denied.

225.     Denied.

226.     Denied.

227.     Denied.

228.     Denied.

229. Denied.

230. Denied.

231. Denied.

232. Integrity Defendants admit Integrity-Candler 02 LLC did not make payments to Plaintiffs and other RCC contract laborers, nor was it obligated to. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

233. Denied.

**Integrity-Candler Living Center, LLC d/b/a Candler Living Center**

234. Integrity Defendants admit Integrity-Candler 02 LLC is a limited liability company. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

235. Denied.

236. Admitted.

237. Integrity Defendants admit Integrity-Candler primarily cares for the aged and disabled. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

238. Denied.

239. Integrity Defendant admit Plaintiffs and other RCC contract laborers performed housekeeping duties, washed laundry, bathed residents, changed residents' clothing and diapers, and walked the halls at Integrity-Candler. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

240. Denied.

241. Integrity Defendants admit workers at Integrity-Candler, including RCC contract laborers and certain volunteers, were required by the North Carolina Department of Health and Human Services to undergo a criminal background check, have no

substantiated findings listed on the North Carolina Health Care Personnel Registry, be tested for Tuberculosis in compliance with control measures adopted by the Commission for Public Health, and be drug tested. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

242.     Integrity Defendants admit that Integrity-Candler requested RCC provide contract laborers to help staff certain shifts and RCC selected which contract laborers to assign. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

243.     Denied.

244.     Integrity Defendants admit Integrity-Candler oversaw the services provided by RCC contract laborers at Integrity-Candler. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

245.     Integrity Defendants admit Plaintiffs and other RCC contract laborers performed housekeeping duties, washed laundry, bathed residents, changed residents' clothing and diapers, and walked the halls at Integrity-Candler. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

246.     Denied.

247.     Integrity Defendants admit Integrity-Candler provided RCC contract laborers with supplies for housekeeping duties and other necessary items to complete the services they performed. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

248.     Denied.

249.     Integrity Defendants admit Integrity-Candler paid RCC for general labor services on an hourly basis pursuant to one or more Independent Contractor Agreements. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

250.    Integrity Defendants admit Integrity-Candler maintained a record of the hours of individual employees, including Plaintiffs and other former RCC contract laborers, after they became employees of Integrity-Candler (in Plaintiffs' case in May and June 2018, respectively). Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

251.    Denied.

252.    Integrity Defendants admit Integrity-Candler had the authority to terminate Plaintiffs and other former RCC contract laborers, after they became employees of Integrity-Candler (in Plaintiffs' case in May and June 2018, respectively). Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

253.    Denied.

254.    Denied as to Plaintiffs and those similarly situated RCC contract laborers.

255.    Denied.

256.    Admitted.

257.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

258.    Integrity Defendants admit that Integrity-Candler paid RCC pursuant to one or more Independent Contractor Agreements for general labor services performed by Plaintiffs and other RCC contract laborers until May 2018. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

259.    Denied.

**Integrity Candler 01 LLC d/b/a Candler Living Center**

260.    Integrity Defendants admit Integrity-Candler 01 LLC is a limited liability company with a principal place of business at 3053 South Church Street, Burlington,

North Carolina, 27215. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

261. Denied.

262. Denied.

263. Denied.

264. Denied.

265. Denied.

266. Denied.

267. Denied.

268. Denied.

269. Denied.

270. Denied.

271. Denied.

272. Denied.

273. Denied.

274. Denied.

275. Denied.

276. Denied.

277. Denied.

278. Denied.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

284. Integrity Defendants admit Integrity-Candler 01 LLC did not make payments to Plaintiffs and other RCC contract laborers, nor was it obligated to. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

285. Denied.

**Integrity Senior Properties Investments, LLC**

286. Admitted.

287. Denied.

288. Denied.

289. Denied.

290. Denied.

291. Denied.

292. Denied.

293. Denied.

294. Denied.

295. Denied.

296. Denied.

297. Denied.

298. Denied.

299. Denied.

300. Denied.

301. Denied.

302. Denied.

303. Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied.

312.    Denied.

313.    Denied.

314.    Denied.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

326.    Integrity Defendants admit Integrity Senior Properties Investments, LLC did not make payments to Plaintiffs and other RCC contract laborers, nor was it obligated to. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

327.    Denied.

**Cedarbrook Residential Center, Inc.**

328.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

329.    Integrity Defendants admit on information and belief that Cedarbrook Residential Center, Inc. operates an adult care facility called Cedarbrook Residential Center. Except as expressly admitted, Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

330.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

331.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

332.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

333.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

334.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

335.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

336.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

337.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

338.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

339.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

340.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

341.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

342.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

343.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

344.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

345.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

346.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

347.    Integrity Defendants deny they jointly and severally employed employees with any of the other Defendants. Integrity Defendants lack information sufficient to form

a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

348.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

349.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

350.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

351.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**The Autumn Group, Inc. d/b/a Oak Hill Living Center**

352.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

353.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

354.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

355.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

356.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

357.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

358.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

359.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

360.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

361.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

362.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

363.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

364.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

365.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

366.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

367.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

368.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

369.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

370.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

371. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

372. Denied.

373. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

374. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

375. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

376. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

## JURISDICTION AND VENUE

377. This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

378. This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

379. This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

380. This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

381. This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

## COLLECTIVE ACTION ALLEGATIONS

382. Integrity Defendants admit Plaintiffs attempt to state FLSA minimum wage and overtime claims on behalf of themselves and other RCC contract laborers. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

383. Denied.

384. Denied, including as to all subparagraphs.

385. Denied.

386. Denied.

387. Denied.

388. Denied.

389. Denied.

390. Denied.

## CLASS ACTION ALLEGATIONS

## NORTH CAROLINA WAGE AND HOUR CLASS

391. Integrity Defendants admit Plaintiffs attempt to state alternative claims on behalf of themselves and other RCC contract laborers. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

392. Denied.

393. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

394. Denied.

395. Denied, including as to all subparagraphs.

396.    Denied.

397.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

398.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

399.    Denied.

400.    Denied.

## UNJUST ENRICHMENT CLASS

401.    Integrity Defendants admit Plaintiffs attempt to state unjust enrichment claims on behalf of themselves and other RCC contract laborers. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

402.    Denied.

403.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

404.    Denied, including as to all subparagraphs.

405.    Denied.

406.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

407.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

408.    Denied.

409.    Denied.

## NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT CLASS

410. Integrity Defendants admit Plaintiffs attempt to state UDTPA claims on behalf of themselves and other RCC contract laborers against the RCC Defendants. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

411. Denied.

412. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

413. Denied, including as to all subparagraphs.

414. Denied.

415. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

416. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

417. Denied.

418. Denied.

## CONVERSION CLASS

419. Integrity Defendants admit Plaintiffs attempt to state conversion claims on behalf of themselves and other RCC contract laborers against the RCC Defendants. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

420. Denied.

421. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

422. Denied, including as to all subparagraphs.

423. Denied.

424.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

425.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

426.     Denied.

427.     Denied.

## COMMON FACTUAL ALLEGATIONS

428.     Denied.

429.     Integrity Defendants admit RCC represented itself as a recovery support program offering therapeutic services in a sober communal living environment to indigent adults with a history of long-term substance abuse and addiction. Except as expressly admitted, Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

430.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

431.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

432.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

433.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

434.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

435.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

436.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

437.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

438.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

439.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

440.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

441.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

442.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

443.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

444.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

445.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

446.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

447.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

448.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

449.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

450.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

451.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

452.     Integrity Defendants admit that RCC represented that participants in its program participated in meaningful occupational activities on a voluntary basis as part of the RCC sober communal living environment. Except as expressly admitted, Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

453.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

454.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

455.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

456.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

457.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

458.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

459. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

460. Denied.

461. Denied.

462. Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler entered into one or more Independent Contractor Agreements with RCC for general contract labor services with compensation to RCC based on an hourly rate. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

463. Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler entered into one or more Independent Contractor Agreements with RCC for general contract labor services with compensation to RCC based on an hourly rate. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

464. Integrity Defendants admit that Integrity-Hominy Valley and Integrity-Candler requested RCC provide contract laborers to help staff certain shifts and RCC selected which contract laborers to assign. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

465. Denied.

466. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

467. Denied.

468. Denied.

469. Denied.

470. Denied.

471. Denied.

472. Denied.

473. Denied.

474. Denied.

475. Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler provided RCC contract laborers with supplies for housekeeping duties and other necessary items to complete the services they performed. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

476. Denied.

477. Denied.

478. Denied.

479. Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler audited invoices submitted by RCC. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

480. Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler received invoices submitted by RCC. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

481. Integrity-Defendants admit Integrity-Hominy Valley and Integrity-Candler paid invoices submitted by RCC. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

482. Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler maintained records of the hours of individual employees, including Plaintiffs and other former RCC contractor laborers, after they became employees of Integrity-Hominy Valley and Integrity-Candler (in Plaintiffs' case in May and June 2018, respectively). Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

483. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

484.    Denied.

485.    Denied.

486.    Denied.

487.    Denied.

488.    Denied.

489.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

490.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

491.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

492.    Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler paid wages to Plaintiffs and the other former RCC contract laborers that became their employees. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

493.    Denied.

494.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

495.    Integrity Defendants admit Integrity-Hominy Valley and Integrity-Candler issued paychecks, notices of wages, hours worked, required deductions, and other wage information to Plaintiffs and the other former RCC contract laborers that became their employees. Except as expressly admitted, Integrity Defendants deny the allegations in this paragraph.

496.    Denied.

497.    Denied.

498.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

499.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

500.     Denied.

501.     Denied.

502.     Denied.

503.     Denied.

504.     Denied.

505.     Denied.

506.     Denied.

507.     Denied.

508.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

509.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

510.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

511.     Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

512.     Denied.

513.     Denied.

514.     Denied.

515.     Denied.

516.     Denied.

517.    Denied.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Minimum Wages
### (On Behalf of Plaintiffs and the FLSA Collective Against All Defendants)

518.    Integrity Defendants incorporate by reference their responses to the preceding allegations as if fully herein set forth.

519.    Denied.

520.    Denied.

521.    Denied.

522.    Denied.

523.    Denied.

524.    Denied.

525.    Denied.

526.    Denied.

527.    Denied.

528.    This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

529.    This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

530.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

531.    Denied.

532.    Denied.

533.    Denied.

534. Denied.

535. Denied.

536. Denied.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime
### (On Behalf of Plaintiffs and the FLSA Collective Against All Defendants)

537. Integrity Defendants incorporate by reference their responses to the preceding allegations as if fully herein set forth.

538. This paragraph constitutes legal conclusions to which no response from Integrity Defendants is required. To the extent a response is required, Integrity Defendants deny the allegations in this paragraph.

539. Denied.

540. Denied.

541. Denied.

542. Denied.

543. Denied.

544. Denied.

545. Denied.

546. Denied.

## THIRD CAUSE OF ACTION (IN THE ALTERNATIVE)
### North Carolina Wage and Hour Act – Unpaid Minimum Wages
### (On Behalf of Plaintiffs and the NCWHA Class Against All Defendants)

547. Integrity Defendants incorporate by reference their responses to the preceding allegations as if fully herein set forth.

548. Denied.

549. Denied.

550. Denied.

551.   Denied.

552.   Denied.

**FOURTH CAUSE OF ACTION (IN THE ALTERNATIVE)**
**North Carolina Wage and Hour Act – Unpaid Overtime**
**(On Behalf of Plaintiffs and the NCWHA Class Against All Defendants)**

553.   Integrity Defendants incorporate by reference their responses to the

preceding allegations as if fully herein set forth.

554.   Denied.

555.   Denied.

556.   Denied.

557.   Denied.

558.   Denied.

**FIFTH CAUSE OF ACTION**
**North Carolina Wage and Hour Act – Wage Payment**
**(On Behalf of Plaintiffs and the NCWHA Class Against All Defendants)**

559.   Integrity Defendants incorporate by reference their responses to the

preceding allegations as if fully herein set forth.

560.   Denied.

561.   Denied.

562.   Denied.

563.   Denied.

564.   Denied.

565.   Denied.

**SIXTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Unjust Enrichment Class Against All Defendants)**

566.   Integrity Defendants incorporate by reference their responses to the

preceding allegations as if fully herein set forth.

567. Denied.

568. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

569. Denied.

570. Denied.

571. Denied.

572. Denied.

**SEVENTH CAUSE OF ACTION**
**Unfair or Deceptive Trade Practice**
**(On Behalf of Plaintiffs and the UDTPA Class Against the RCC Defendants)**

573. Integrity Defendants incorporate by reference their responses to the preceding allegations as if fully herein set forth.

574. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

575. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

576. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

577. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

578. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

579. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

580. Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

## EIGHTH CAUSE OF ACTION
### Conversion
### (On Behalf of Plaintiffs and the Conversion Class Against the RCC Defendants)

581.    Integrity Defendants incorporate by reference their responses to the preceding allegations as if fully herein set forth.

582.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

583.    Integrity Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

A.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

B.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

C.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

D.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

E.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

F.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

G.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

H.    Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

I.      Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

J.      Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

K.      Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

L.      Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

M.      Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

N.      Integrity Defendants deny Plaintiffs are entitled to any of the relief requested within any part of the Complaint.

## THIRD DEFENSE

Plaintiffs' Third, Fourth, and Fifth Causes of Action under the North Carolina Wage and Hour Act ("NCWHA") are preempted, in whole or in part, by the Fair Labor Standards Act ("FLSA").

## FOURTH DEFENSE

Plaintiffs' claims under the FLSA and the NCWHA are barred to the extent they rely upon acts or omissions outside the applicable statute(s) of limitations. Any acts or omissions found to violate to the FLSA and/or the NCWHA were not willful, and any purported claim accruing more than two years prior to the filing of the Complaint is time barred.

## FIFTH DEFENSE

All acts and omissions by Integrity Defendants: (i) were taken in good faith to comply with the FLSA, NCWHA, and all applicable federal and state wage payment

regulations and with reasonable grounds that the actions did not violate the FLSA or NCWHA; (ii) were justified, proper, and lawful; and (iii) were taken without any intent to violate the FLSA or NCWHA.

## SIXTH DEFENSE

Plaintiffs' claims under the FLSA and NCWHA for work performed while they were RCC contract laborers are barred in whole or part because no Integrity Defendant was an "employer" under the FLSA or NCWHA.

## SEVENTH DEFENSE

Plaintiffs' claims under the FLSA and NCWHA for work performed while they were RCC contract laborers are barred in whole or part because Plaintiffs were not "employees" under the FLSA or NCWHA.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because, on information and belief, Plaintiffs voluntarily assigned any wages they purportedly earned for working at Integrity-Hominy Valley and Integrity-Candler to the RCC Defendants.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrines of accord and satisfaction, consent, estoppel, waiver and release, failure to mitigate damages, and laches. Plaintiffs voluntarily worked as contract laborers for RCC without expectation of compensation directly from Integrity Defendants. Plaintiffs did not notify Integrity Defendants they were not receiving accrued wages or other compensation from RCC for their work at Integrity-Hominy Valley and Integrity-Candler until the filing of this lawsuit.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent they seek relief for non-compensable activities and/or for time not considered hours worked under the FLSA and/or NCWHA.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent applicable exemptions, wage deductions, and/or allowable setoffs apply.

## TWELFTH DEFENSE

Any claims for damages by Plaintiffs against Integrity Defendants must be offset by: (1) the value of the residential treatment services provided by the RCC Defendants to Plaintiffs, including room, board, therapeutic treatment, and other benefits; and (2) the amounts paid by Integrity Defendants to the RCC Defendants for the labor performed by Plaintiffs.

## THIRTEENTH DEFENSE

Plaintiffs lack standing to assert claims against Integrity Defendants to the extent they performed no labor at Integrity-Hominy Valley or Integrity-Candler.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims should be dismissed because Plaintiffs do not meet the requirements for a collective action under section 216(b) of the FLSA.

## FIFTEENTH DEFENSE

This lawsuit may not be properly maintained as a class action because: (1) Plaintiffs have failed to plead and cannot establish the necessary procedural elements for class treatment; (2) the members of the putative class are not so numerous that joinder of all members is impracticable; (3) common issues of fact or law do not predominate; (4) neither Plaintiff is a proper or adequate class representative; and (4) a class action is not an appropriate method for the fair and efficient adjudication of the claims alleged in the Complaint.

## SIXTEENTH DEFENSE

Certification of Plaintiffs' claims as part of a class action suit is barred in whole or in part by the incompatibility of the opt-out provision for class certification contained in Rule 23 of the Federal Rules of Civil Procedure and applied to Plaintiffs' state law claims, and the opt-in provision for class certification contained in the FLSA and applied to Plaintiffs' federal claims.

## SEVENTEENTH DEFENSE

To the extent Plaintiffs earned wages from Integrity Defendants, Integrity Defendants were required or empowered by federal and/or state law to divert the wages to the RCC Defendants or had written authorization in accordance with N.C. Gen. Stat. § 95-25.8(a) to divert the wages to the RCC Defendants.

## ADDITIONAL DEFENSE

Integrity Defendants reserve the right to amend their Answer and to assert additional affirmative defenses as the claims of Plaintiffs are more fully disclosed during the course of this litigation.

WHEREFORE, Defendants Integrity-Hominy Valley, LLC; Integrity-Candler 02 LLC; Integrity-Candler Living Center, LLC; Integrity-Candler 01 LLC; and Integrity Senior Properties Investments, LLC respectfully pray the Court:

1.    That the Complaint and claims therein be dismissed with prejudice;

2.    That Plaintiffs recover nothing from Integrity Defendants;

3.    That Integrity Defendants' costs, including reasonable attorneys' fees to the full extent permitted under applicable law, be taxed against Plaintiffs; and

4.    For such and other further relief that the Court deems just and appropriate.

This the 26th day of November 2018.

        /s/ D.J. O'Brien III
D.J. O'Brien III
N.C. State Bar No. 35481
BROOKS, PIERCE, MCLENDON,
HUMPHREY &  LEONARD, LLP
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Tel. (919) 839-0300
Fax (919) 839-0304
dobrien@brookspierce.com

*Attorneys for Defendants Integrity Hominy Valley, LLC; Integrity-Candler 02 LLC; Integrity-Candler Living Center, LLC; Integrity-Candler 01 LLC; Integrity Senior Properties Investments, LLC; Cedarbrook Residential Center, Inc.; and The Autumn Group, Inc. d/b/a Oak Hill Living Center*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record in this matter.

    /s/ D.J. O'Brien III
D.J. O'Brien III