# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

KIMBERLY MYRIS, on behalf of herself and )
all others similarly situated, )
)
                Plaintiffs, )
)
v. )    Civil No. 5:18-cv-466-BO
)
RECOVERY CONNECTIONS COMMUNITY, )
JOURNEY TO RECOVERY LLC, JENNIFER )
A. WARREN, PHILLIP J. WARREN, 3M & N, )
INC. d/b/a ZAXBY'S, WESTERN NORTH )
CAROLINA LIONS, INC. d/b/a MARJORIE )
MCCUNE MEMORIAL CENTER, )
INTEGRITY-HOMINY VALLEY, LLC d/b/a )
HOMINY VALLEY RETIREMENT CENTER, )
INTEGRITY-CANDLER 02 LLC d/b/a )
HOMINY VALLEY RETIREMENT CENTER, )
INTEGRITY-CANDLER LIVING CENTER, )
LLC d/b/a CANDLER LIVING CENTER, )
INTEGRITY-CANDLER 01 LLC d/b/a )
CANDLER LIVING CENTER, INTEGRITY )
SENIOR PROPERTIES INVESTMENTS, LLC, )
CEDARBROOK RESIDENTIAL CENTER, )
INC., and THE AUTUMN GROUP, INC. d/b/a )
OAK HILL LIVING CENTER, )
)
                Defendants. )
)

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT

This matter comes before the Court on Plaintiff's Motion for Approval of Collective

Action Settlement ("Motion"). Having considered Plaintiff's Motion and supporting

Memorandum and exhibits, including the parties' Settlement Agreement and proposed Consent Decree, the Court hereby GRANTS Plaintiffs' Motion and ORDERS as follows:

1. The Court finds that the parties' settlement in this Fair Labor Standards Act ("FLSA") action is fair, reasonable, and just. The parties' settlement agreement, attached hereto as **Exhibit A**, is approved and the terms of the parties' agreement are incorporated herein.

2. The Court finds that the proposed consent decree is fair, adequate, reasonable, is not illegal, a product of collusion, or against the public interest. The consent decree, attached hereto as **Exhibit B**, is hereby so ordered and its terms are incorporated herein.

3. Plaintiff shall dismiss this lawsuit against the Warrens with prejudice within 7 days of the date of this order or within 7 days of the Warren's payment of the $500 Service Award to Plaintiff Myris described in paragraphs 1-2 of the Settlement Agreement, whichever is later.

4. The Court will retain jurisdiction to enforce the Consent Decree for five years from the date of this Order.

IT IS SO ORDERED.

Dated: 9-29-21

_____
HONORABLE TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

# Exhibit A

Case 5:18-cv-00466-BO    Document 170    Filed 09/29/21    Page 3 of 9

DocuSign Envelope ID 4BFAF97A-F4B8-4E7F-B4DB-9AF9A020FBB2

# SETTLEMENT TERM SHEET

1. This is a settlement on behalf of the named plaintiff and 42 individuals who have opted into the matter captioned as *Myris et. al. v. Recovery Connections Community et al.* ("Settlement Collective"), 5:18-cv-466 (EDNC 2018). The Settlement Amount of $500 will be paid by Defendants Jennifer Warren and Phillip Warren (Defendants) within 90 days of court approval of this settlement.

2. The Settlement Amount shall be paid by check to Kimberly Myris, mailed to Outten & Golden, Attn: Eileen Mercado, 685 Third Avenue, 25th Floor, New York, NY 10017.

3. Defendants agree to provide a statement of assets and a sworn affidavit from each Defendant attesting to their inability to pay a settlement above the agreed upon amount. Defendants will provide both the statement of assets and the sworn affidavits to plaintiffs' counsel within 7 days of the execution of this settlement.

4. In addition to the monetary terms discussed above, Defendants agree to comply with the following term of the attached Consent Decree in perpetuity:

   Each of the Warren Defendants agree not to own, operate, direct, manage, or work for a therapeutic community or any entity that offers or purports to offer treatment and/or rehabilitation related in any way to substance use and/or abuse in the state of North Carolina for a period of three years from the date of the court approval of the settlement agreement.

   After three years, the defendants agree not to own, operate, or direct a therapeutic community or any entity that offers or purports to offer treatment related in any way to substance use and/or abuse in the state of North Carolina, and Defendants may work for any entity that offers treatment only under the supervision of a properly licensed substance use disorder professional.

5. The Parties agree to file the attached Consent Decree with the Court as part of the motion for settlement approval.

6. Plaintiffs will prepare settlement approval papers, to be filed no more than 30 days after the Defendants provide the information described in paragraph 3.

7. Plaintiffs will dismiss the lawsuit against Defendants with prejudice within 7 days of court approval or payment in accordance with paragraphs 1 and 2, whichever is later.

8. This settlement is contingent upon Court approval.

7/2/2021

**Date**

*Kimberly Myris* (DocuSigned)
**Kimberly Myris**

7/24/21

**Date**

*Jennifer A. Warren* (signature)
**Jennifer A. Warren**

*Phillip Warren* (signature)
**Phillip Warren**

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY MYRIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECOVERY CONNECTIONS COMMUNITY, JOURNEY TO RECOVERY LLC, JENNIFER A. WARREN, PHILLIP J. WARREN, 3M & N, INC. d/b/a ZAXBY'S,WESTERN NORTH CAROLINA LIONS, INC. d/b/a MARJORIE MCCUNE MEMORIAL CENTER, INTEGRITY-HOMINY VALLEY, LLC d/b/a HOMINY VALLEY RETIREMENT CENTER, INTEGRITY-CANDLER 02 LLC d/b/a HOMINY VALLEY RETIREMENT CENTER, INTEGRITY-CANDLER LIVING CENTER, LLC d/b/a CANDLER LIVING CENTER, INTEGRITY-CANDLER 01 LLC d/b/a CANDLER LIVING CENTER, INTEGRITY SENIOR PROPERTIES INVESTMENTS, LLC, CEDARBROOK RESIDENTIAL CENTER, INC., and THE AUTUMN GROUP, INC. d/b/a OAK HILL LIVING CENTER,<br><br>Defendants. | Civil No. 5:18-cv-466-BO |

## CONSENT DECREE

Kimberly Myris ("Plaintiff"), instituted this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, *et seq.*, as a class and collective action against Defendants Recovery Connections Community, Journey to Recovery LLC, Jennifer A. Warren, Phillip J. Warren, 3M & N, Inc. d/b/a Zaxby's, Integrity-Hominy

Valley, LLC d/b/a Hominy Valley Retirement Center, Integrity-Candler 02 LLC d/b/a Hominy Valley Retirement Center, Integrity-Candler Living Center, LLC d/b/a Candler Living Center, Integrity-Candler 01 LLC d/b/a Candler Living Center, Integrity Senior Properties Investments, LLC, The Autumn Group, Inc. d/b/a Oak Hill Living Center, Cedarbrook Residential Center, Inc., and Western North Carolina Lions, Inc d/b/a Marjorie McCune Memorial Center. The Complaint alleged that Defendants jointly employed the Plaintiffs and members of the class and collective actions and were jointly liable to them for unpaid minimum wages and overtime wages. (ECF No. 1). The Court granted Plaintiffs' motion for Court-authorized notice pursuant to 29 U.S.C. § 216(b) on July 11, 2019, and 42 opt-ins joined. (ECF No. 82).

The Court previously approved Plaintiffs' settlements with Defendant 3M & N, Inc. d/b/a Zaxby's (ECF No. 134), and Defendants Integrity-Hominy Valley, LLC d/b/a Hominy Valley Retirement Center, Integrity-Candler 02 LLC d/b/a Hominy Valley Retirement Center, Integrity-Candler Living Center, LLC d/b/a Candler Living Center, Integrity-Candler 01 LLC d/b/a Candler Living Center, Integrity Senior Properties Investments, LLC, The Autumn Group, Inc. d/b/a Oak Hill Living Center, Cedarbrook Residential Center, Inc., and Western North Carolina Lions, Inc d/b/a Marjorie McCune Memorial Center (ECF No. 149).

The Clerk entered default against Defendants Recovery Connections Community and Journey to Recovery, LLC. (ECF No. 78). The only remaining Defendants are Jennifer A. Warren and Phillip J. Warren (collectively the "Warrens" or "Warren Defendants"). The Court has not made any findings with regard to the Warren Defendants' liability and the Warren Defendants do not admit to any wrongdoing.

Plaintiff and the Warren Defendants hereby consent to the entry by the Court of the following Consent Order, in order to resolve their differences expeditiously, to do justice for all, and to minimize further legal expense. The Plaintiff and the Warren Defendants agree that this Consent Order is being entered into for purposes of enforcement under Rule 71 of the Federal Rules of Civil Procedure and to ensure compliance with North Carolina law and federal law.

The terms of this Order shall apply to the Warren Defendants, their heirs, representatives, successors, and assigns, and shall be implemented immediately where not otherwise specifically stated.

The Plaintiff and Warren Defendants (collectively, the "Consenting Parties") have stipulated to jurisdiction of the Court over them and agree that the subject matter of this action is properly before the Court.

The Consenting Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. It is understood and agreed that this settlement is the compromise of disputed claims (which Defendants have denied) and is not an admission of liability or wrongdoing by any Defendant.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Consenting Parties and the subject matter of this action and (2) the purposes and provisions of the Fair Labor Standards Act, the North Carolina Wage and Hour Act will be promoted and effectuated by the entry of the Consent Decree.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Each of the Warren Defendants agree not to own, operate, direct, manage, or work for a therapeutic community or any entity that offers or purports to offer treatment and/or rehabilitation related in any way to substance use and/or abuse in the state of North Carolina for a period of three years from the date of the court approval of the settlement agreement.

2. After three years, the Warren Defendants agree not to own, operate, or direct a therapeutic community or any entity that offers or purports to offer treatment related in any way to substance use and/or abuse in the state of North Carolina, and the Warren Defendants may work for any entity that offers treatment only under the supervision of a properly licensed substance use disorder professional.

3. The Court shall have jurisdiction to monitor the Consent Decree for five years from is entry by the Court, enter any necessary orders, and over any action to enforce the Consent Decree. However, if any of the parties believe there has been a violation of this Consent Decree, counsel for the parties shall notify each other in writing and thereafter confer in good faith to resolve any perceived violation(s) of its terms before seeking judicial intervention.

SO ORDERED:

9-29-21
Date

Terrence Boyle
United States District Judge